## ROBERT S. McINTYRE, ADMINISTRATOR,

### v.

## LEVI SHOLTY, ADMINISTRATOR.

*Lunatics—Liability for Torts—Evidence.*

1.  A lunatic is liable in a civil action for a tort committed by him.
2.  In an action to recover damages for the wrongful burning of the plaintiff's barn by the defendant's intestate, it is *held:* That the court below properly refused to permit the defendant to prove that the deceased was a lunatic; and that the evidence sustains the verdict for the plaintiff.

[Opinion filed February 17, 1887.]

IN ERROR to the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. BLADES & NEVILLE, for plaintiff in error.

The will or volition we are concerned about here, is the power to control and direct the intellectual faculties of the mind.   In the insane this is lost.

If the brain is diseased so that the individual has no volition, how, on principle, is the case to be distinguished from that of pure accident, or that resulting from merely physical, and even inanimate causes?  "For a purely accidental occurrence causing damage without the fault of the person to whom it is attributable no action will lie; for though there is damage, the thing amiss—the *injuria*—is wanting."  Cooley on Torts, 80, and cases cited; note to Vincent v. Stinchour, 29 Am. Dec. 146.

If one is driving his domestic animals along the public highway he is bound to observe due care, and if, notwithstanding he is guilty of no negligence, they escape from him and go upon private ground, he is not·responsible, provided he removes them within a reasonable time.   Cooley on Torts, 341, citing, Goodwin v. Chevely, 4 Hurl. & N. 631.

Messrs. KERRICK, LUCAS & SPENCER and TIPTON & BEAVER, for defendant in error.

The rule is, that lunatics are liable civilly for all torts or wrong committed by them.   To that rule there is only one exception that we know of, and that is, a lunatic is not liable for slanderous words uttered by him while totally deranged. Bryant v. Jackson, 6 Humph. 199.   The following authorities declare the general rule :   Weaver v. Ward, Hob. 134; Cross v. Andrews, Cro. Eliz. 622; Cross v. Kent, 32 Md. 531; Kron v. Schoonmaker, 3 Barb. 649; Williams v. Cameron, 26 Barb. 172; Hartfield v. Roper, 21 Wend. 615; Morse v. Crawford, 17 Vt. 499; S. C. Ewell's Leading Cases, 635; 2 Saunder's Pl. & Ev. 318, 1163; 1 Chit. Pl. 76; Shearman and Redfield on Neg., Sec. 51, 57; Broom Com. 684, 857; Bush v. Pettibone, 4 N. Y. 300; Brens v. McKinsey, 23 Iowa, 343; Lancaster County Bank v. Moore, 78 Pa. St. 407, 412; *Ex parte* Leighton, 14 Mass. 207; Cooley on Torts, 99.

CONGER, J.   This was a suit brought by defendant in error

McIntyre v. Sholty.

against plaintiff in error, for the wrongful burning of defendant in error's barn, by Benjamin D. Sholty, plaintiff in error's intestate, and judgment was rendered for $2,200 and costs.

There are two points urged as a ground for reversing the judgment of the court below. First, that the court erred in refusing to permit plaintiff in error to prove that said Benjamin D. Sholty was insane at the time of the alleged burning, and secondly, the insufficiency of the evidence to show that he set fire to the barn.

We think the Circuit Court was right in excluding the proposed evidence. That a lunatic is liable for torts committed by him is well settled. In 1 Chitty's Pl., 76, it is said:

" Although a lunatic is not punishable criminally, he is liable to a civil action for any tort he may commit."

The reason of the rule is very clearly stated by Cooley, as follows: " Undoubtedly there is some appearance of hardship, even of injustice, in compelling one to respond for that which, for want of the control of reason, he was unable to avoid; that it is imposing upon a person already visited with the insufferable calamity of mental obscurity, an obligation to observe the same care and caution respecting the rights of others that the law demands of one in the full possession of his faculties. But the question of liability in these cases, as well as in others, is a question of policy, and it is to be disposed of as would be the question, whether the incompetent person should be supported at the expense of the public, or of his neighbors, or at the expense of his own estate. If his mental disorder makes him dependent and at the same time prompts him to commit injury, there seems to be no greater reason for imposing upon the neighbors or the public, one set of these consequences rather than the other—no more propriety or justice in making them bear the losses resulting from his unreasoning theory, when it is upon them or their property, than there would be in calling upon them to pay the expenses of his confinement in an asylum, when his own estate is ample for the purpose.

" All questions of public policy must be settled on a consideration of what, on the whole, is the rule that will best subserve

the general welfare. Among the considerations bearing on the proper rule in the case of an offending person are such as relate to the appointment of a committee or guardian, empowered by law to take charge of him, and restrain his action so as to prevent injury to himself or others. The appointment of this custodian is properly attended to by relatives or friends, those who have a personal or family interest in him, or who might be entitled to succeed to his estate if it were preserved. Would it not be an important stimulus to their action if the estate is to be held responsible for all injuries committed by him to others, and would it not tend to indifference on their part if the law were to leave the injured party to bear the loss without redress?

"Unless these questions can be answered in the negative, the reasons for holding his own estate responsible seem conclusive.

"Another immediate consideration is derived from the fact that the distinction between insanity and the cunning of malice is not always sufficiently clear for ready detection; and a rule of irresponsibility in respect to such persons would be likely to result in similar difficulties in civil cases, to those which have brought the administration of criminal law into disrepute wherever the plea of insanity is interposed. Nothing could present to the depraved mind a stronger temptation to simulate insanity for the purpose of mischief and revenge, than a rule of law which would give full immunity in case the deception proved successful, etc." Cooley on Torts, pp. 100, 101. To the same effect see *Ex parte* Leighton, 14 Mass. 207; Kron v. Schoonmaker, 3 Barb. 649; Shearman and Redfield on Neg. Secs. 51, 57; Morse v. Crawford, 17 Vt. 499.

As to the second objection, we think it is not well taken. We have carefully examined the evidence, and think the jury were fully warranted in reaching the conclusion they did. The judgment will be affirmed.

*Judgment affirmed.*