16493, 16518.   SAUERS *v.* SACK; *and vice versa.*

1. In a suit for mere compensatory damages, occasioned by an assault, the fact that the defendant, at the time the tort was committed, was in the throes of an epileptic fit, or other like condition of unsound mind, so as to be incapable of forming or having any mental intent in the doing of the injury, is no defense to the action.

2. In such an action it was error to disallow testimony offered by the defendant to the effect that she was accustomed to having such attacks; and that in like previous attacks she had not manifested any such violence and physical strength as was claimed in the instant case, when the rejection of such testimony was excepted to on the ground that it tended to show that the defendant "was unable to make any assault whatever upon any person, and unable to make an assault of the kind and character as that which plaintiff contended was made upon her by defendant." *Stonecypher* v. *State,* 17 *Ga. App.* 818 (2, 3) (88 S. E. 719). In such a case it is not the general character of the defendant for violence upon which it is sought to throw light by the proffered testimony. See *Stonecypher* v. *State,* supra; *Western & Atlantic R. Co.* v. *Slate,* 23 *Ga. App.* 225, 226 (3) (97 S. E. 878).

2. The defendant's character as such was not involved, but the evidence should have been admitted to show the effect of the disease upon the defendant, as manifested in previous attacks, for the purpose of throwing light upon the verity of the alleged violent assault.

3. The jury, for the second time, having found a verdict in favor of the plaintiff, which is supported by the evidence, and which is not excepted to as having been in excess of compensatory damages, and the statute governing the city court of Savannah providing that "no second new trial shall be granted in any case except for errors of law, or where there is no evidence to support the verdict," the action of the court in setting aside the verdict of the jury would have to be reversed, but for the error of law in rejecting the testimony referred to in paragraph 2 above. Ga. L. 1915, p. 123.

DECIDED DECEMBER 22, 1925.

Action for damages; from city court of Savannah—Judge Freeman. April 24, 1925.

The defendant, who was shown to be accustomed to having epileptic or other like attacks, requested aid from the plaintiff, who had no previous acquaintance with her, just at the time of the coming on of such an attack. She went to the plaintiff's home and stated to her, sitting on her front porch, that she was feeling faint, and requested that she be permitted to lie down; whereupon the plaintiff conducted her to her own apartment and allowed her to recline on her own bed. The plaintiff contends that while she was aiding and treating the defendant, the latter, without provocation or justification, raised up, seized her by the throat, and choked, strangled, and bruised her; that in extricating herself from the defendant's grip the plaintiff was precipitated down several flights of stairs, and thereby was seriously injured; that the injury caused the plaintiff, who was a married woman and in an advanced stage of pregnancy, to have a miscarriage, and caused her to have a serious surgical operation, and to lie up disabled and suffering several

days in a hospital, and to incur on her own account certain items of expense, such as doctor's bills, hospital bills, and nurses' hire, made necessary by the fact that her husband, on account of financial reverses, could not obtain such for her; and that it incapacitated her for the performance of her household duties. The plaintiff's allegations relative to the assault, as set forth above, were denied in the answer of the defendant. There was no other witness of the assault. The defendant disclaimed any knowledge or recollection of the assault or as to what happened during the paroxysm. The only rebutting evidence as to the assault was that referred to in the second division of the syllabus. It appeared from the bill of exceptions that the trial under review was the second trial of the case, there having been a previous verdict for the plaintiff, which was set aside by the court below on motion for a new trial. The verdict in the next trial was again for the plaintiff. The defendant filed a motion for new trial, on various grounds, in one of which the exclusion of the evidence referred to in the second division of the syllabus was complained of. The trial court sustained the motion upon the general grounds, and overruled the special grounds. The plaintiff excepted to the granting of the second new trial; and by cross-bill of exceptions the defendant assigns error on the overruling of the special grounds of the motion.

*Leo A. Morrissy,* for plaintiff.

*Seabrook, Kennedy & McWhorter,* for defendant.

JENKINS, P. J. (After stating the foregoing facts.) With reference to the rule adopted in the first division of the opinion, the authorities are uniform to the effect that in such a tort by an incompetent upon a nonconsenting plaintiff, where intent is no ingredient of the tort committed (which is the case here), insanity or incompetency, of large or small degree, is no defense to a civil action for mere compensatory damages. It is stated in a general note in 26 L. R. A. 153, that "the general doctrine that insane persons must be held liable to make compensation for damages caused by their torts, distinguishing these from criminal liability, has been recognized from a very early period." In the case of Weaver *v.* Ward, Hobart's Reports, 134 (published in 1646), it was held that "if a lunatic hurt a man he shall be answerable for the trespass." The English writers of a very early date lay down

the same doctrine. Thus, in Hale, P. C., 15, it is held that in cases of lunacy or other like disability, such conditions do not relieve from liability for making compensation in civil cases. In Bacon's Abridgement, on the topic of Idiots and Lunatics, it is said: "It is clearly agreed that if one who wants discretion commits a trespass against the person or possessions of another, he shall be compelled in a civil action to give satisfaction for the damage." It is said in McIntyre *v.* Sholty, 121 Ill. 660 (13 N. E. 239), affirming 24 Ill. App. 605, that for killing a person, the defense of insanity will not avail to defeat a judgment for mere compensation in a civil case. In that case the shooting was under such circumstances as would have made the act a felony if the defendant had been actually sane. In the case of Jewell *v.* Colby, 66 N. H. 399 (1891), it was said that evidence of insanity was not admissible to defeat the right to recover, or at all, unless plaintiff claimed punitive or exemplary damages, or a sum greater than mere compensation for the actual loss sustained. The authorities, we might interject here, are uniform to the effect that such an afflicted person can not be held liable for punitive or vindictive damages, but only compensatory damages are ever allowable against an incompetent. The rule here enunciated was recognized, arguendo, in the case of *Central of Ga. Ry. Co.* v. *Hall,* 124 *Ga.* 322, 332 (52 S. E. 679, 4 L. R. A. (N. S.) 898, 110 Am. St. Rep. 170, 4 Ann. Cas. 128), where the following language was used: "Nevertheless, in 16 Am. & Eng. Enc. Law (2d ed.), 622, it is said: 'A lunatic is not responsible for crime, because he is not a free agent, capable of intelligent voluntary action, and therefore is incapable of guilty intent; but in a civil action for an injury done to the person or property of another, the intent is generally immaterial, and the rule is that an insane person is liable for his torts the same as a sane person, except for those torts in which malice, and therefore intention, is a necessary ingredient. . . In respect to this liability there is no distinction between torts of nonfeasance and misfeasance; and consequently an insane person is liable for injuries caused by his tortious negligence. Insane persons are held to this liability on the principle that where a loss must be borne by one of two innocent persons, it shall be borne by him who occasioned it." One of the leading cases upon the subject is that of Williams *v.* Hays, 143 N. Y. 442 (38 N. E. 449, 27 L. R. A. 153,

155, 42 Am. St. Rep. 743), where the court said: "The important question for us to determine then, is whether the insanity of the defendant furnishes a defense to the plaintiff's claim, and I think it does not. The general rule is that an insane person is just as responsible for his torts, as a sane person, and the rule applies to all torts, except, perhaps, those in which malice, and therefore intention, actual or imputed, is a necessary ingredient, like libel, slander, and malicious prosecution. In all other torts, intention is not an ingredient, and the actor is responsible, although he acted with a good and even laudable purpose, without malice. The law looks to the person damaged by another, and seeks to make him whole, without reference to the purpose or the condition, mental or physical, of the person causing the damage. The liability of a lunatic for his torts, in the opinion of judges, has been placed upon several grounds. The rule has been invoked that, where one of two innocent persons must bear a loss, he must bear it whose act caused it. It is said that public policy requires the enforcement of the liability, that the relatives of a lunatic may be under inducement to restrain him, and that tort-feasors may not simulate or pretend insanity to defend their wrongful acts, causing damage to others. The lunatic must bear the loss occasioned by his torts, as he bears his other misfortunes, and the burden of such loss may not be put upon others." In Ruling Case Law, 596; § 51, the rule is stated in practically the same language. In Cooley on Torts, p. 98, attention is called to the fact that in such cases the question of motive is usually of aggravation only. In Buswell on Insanity, 355, the same general rule is stated. Instructive notes leading to the same conclusion are to be found in 21 Ann. Cas. 1350; 26 L. R. A. 153, and 42 L. R. A. (N. S.) 84. Although the grant of a new trial could not be sustained on the general grounds, under the law as set forth in the first headnote, a new trial was, however, properly granted for the reasons set forth in the second headnote. See *Morris* v. *Imperial Ins. Co.,* 106 *Ga.* 461, 462 (5) (32 S. E. 595); *Allen* v. *Schweigert,* 113 *Ga.* 69, 70 (4) (38 S. E. 397).

*Judgment affirmed on the main bill of exceptions; reversed on the cross-bill. Stephens and Bell, JJ., concur.*