66646. CONTINENTAL CASUALTY COMPANY v. PARKER et al.

QUILLIAN, Presiding Judge.
Continental Casualty Company was the liability insurer of Parker Contracting Company, of which Robert Parker was president. As a result of an altercation Parker had with Waldrep, a City of Atlanta construction inspector, Waldrep sued Parker Contracting Company, Robert Parker and his brother Larry alleging that the Parker brothers assaulted and battered him causing severe injuries. Negligence was also alleged. Continental entered into a reservation of rights agreement with Parker and his company and commenced this action for a declaratory judgment on its liability under the policy contending that the insured were not entitled to coverage under the policy and thus it had no duty to defend them against Waldrep's suit.

The policy provided: "Occurrence means an accident . . . which results in bodily injury or property damage neither expected or intended from the standpoint of the insured."

In *Continental Cas. Co. v. Parker,* 161 Ga. App. 614 (288 SE2d 776), we affirmed the trial court's denial of Continental's motion for summary judgment, where Continental asserted that the term

"occurrence" in the policy did not cover the incident between Waldrep and Parker and could not be considered accidental.

We said: "[T]he trial court was correct in denying summary judgment to Continental despite the fact that any intentional acts of the insured are excluded by the policy. The evidence is in conflict with regard to the altercation that took place between Parker and Waldrep. Parker claims that he did not assault Waldrep but rather he had grabbed Waldrep to keep from falling into a ditch and that both he and Waldrep fell into the ditch together. Waldrep, in fact, amended his complaint to include a count in negligence. Viewing the evidence most strongly in favor of the respondent on summary judgment, as we must, we cannot say as a matter of law, Parker's acts were intentional and thus excluded by the policy of insurance. However, if a jury finds that Parker intended to cause harm to Waldrep, the resulting damage may be considered both intentional and expected, as contemplated by the exclusion of coverage." Id. at 616-7.

Thereafter the case proceeded to trial before a jury on the issue of whether Parker expected or intended to cause bodily injury to Waldrep. The jury answered the question in the negative and judgment was thereupon entered against Continental, from which this appeal is taken. *Held:*

1. Appellant urges as error the giving of the following charge referring to the conduct of Parker and requested by appellees: "[A] person shall not be found guilty of a wrongful act when at the time of the act such person because of an injury acted as he did because of a delusional compulsion as to such act which overmastered his will to resist committing such wrongful act."

This charge was taken from OCGA § 16-3-3 (formerly Code Ann. § 26-703), which is the insanity defense of delusional compulsion to a criminal prosecution. Such a charge is not applicable in a civil action.

" '[T]he rule is that an insane person is liable for his torts the same as a sane person, except for those torts in which malice, and therefore intention, is a necessary ingredient . . .' " *Central of Ga. R. Co. v. Hall,* 124 Ga. 322, 333 (52 SE 679). Accord, *Sauers v. Sack,* 34 Ga. App. 748 (1) (131 SE 98); 15 EGL 252, Insanity, § 35; 41 AmJur2d 641-644, Incompetent Persons, §§ 104, 105; Annotation, 77 ALR2d 625, Civil Liability of Insane or Other Mentally Disordered Person for Assault or Battery, §§ 2, 4.

"In a suit for mere compensatory damages, occasioned by an assault, the fact that the defendant, at the time the tort was committed, was in the throes of an epileptic fit, or other like condition of unsound mind, so as to be incapable of forming or having any mental intent in the doing of the injury, is no defense to the action."

*Sauers v. Sack,* 34 Ga. App. 748 (headnote 1), supra.

Thus, it is clearly error to give an exculpatory insanity or delusional compulsion charge as a defense to a civil action for assault or battery seeking compensatory damages.

If it is error to give such a charge in a civil action for assault or battery, we conclude that it is also error to give such a charge in a collateral action as in the instant case. If the defense cannot be used to determine Parker's ultimate liability, it certainly should not be used in determining his insurer's coverage of Parker.

Parker testified that when he and Waldrep fell into the ditch, he struck the manhole on the way down injuring his back and they both ended up under water; that the fall knocked the breath out of him and stunned him so that he was unconscious for about 30 seconds; and that although he denied striking Waldrep he admitted that he could have struck him while he was in the stunned or unconscious state. We find that this testimony is evidence from which the jury may have determined that Parker was momentarily suffering from a delusional compulsion and struck Waldrep. As we cannot say as a matter of law that the erroneous charge did not influence the jury in arriving at its finding, we find the charge to be reversible error.

2. The remaining allegations of error are either not meritorious or are not likely to recur in the event of a retrial of the issue.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 9, 1983.

*J. Kenneth Moorman, Marjorie M. McCaw,* for appellant.
*Howard H. Johnston, B. Royce Bell,* for appellees.