68821. STEIN v. MASSACHUSETTS BAY INSURANCE
COMPANY.
(324 SE2d 510)

CARLEY, Judge.

The instant appeal arises from an acrimonious family dispute. Appellant's daughter eloped with Gary Smith. For reasons not relevant to the resolution of this case, appellant disapproved of his daughter's marriage to Smith. Following a period of estrangement between appellant and his daughter, appellant and his wife went to the Smiths' condominium, allegedly in an attempt to reconcile with their daughter and son-in-law. Instead, an altercation ensued, during which appellant shot and injured Smith. Subsequently, Smith initiated a civil suit against appellant, seeking recovery for bodily injuries sustained as a result of the shooting. At the time of the shooting, a homeowner's insurance policy issued by appellee-insurer to appellant was in effect. Appellant asserted the existence of coverage, and sought a defense from appellee under the terms of the insurance policy for the impending suit brought by Smith against him. While reserving its rights pending investigation of the matter, appellee filed an answer in the civil suit on behalf of appellant. Following its investigation of the shooting incident, appellee filed the instant petition for declaratory judgment. In its petition, appellee asserted that, under the homeowner's insurance policy, appellant was afforded no coverage with respect to the claim against him in the underlying civil litigation, and that it

had no duty to defend appellant in that action. On motion for summary judgment, the trial court subsequently held that appellant was excluded from coverage under the terms of the insurance policy issued by appellee and that appellee had no duty to defend appellant. Appellant appeals.

The insurance policy at issue provides liability coverage for any claim made and a defense to any suit brought against the insured for damages, *except* for bodily injury or property damage *"which is expected or intended by the insured."* (Emphasis supplied.) Appellant contends that, although he was aware that Smith would be injured or killed when he shot him, a genuine issue of material fact remained as to whether the shooting was an act of self-defense. Appellant asserts that if he acted in self-defense, he would not have "intended or expected" to cause Smith bodily injury and would not be excluded from coverage under the terms of the intentional injury exclusion clause. Appellee, on the other hand, argues that even if appellant acted in self-defense in shooting Smith, there would be no coverage because of appellant's intent to cause bodily injury to Smith. Thus, appellee contends that any issue of fact remaining with regard to whether appellant acted in self-defense would not be material to the issue of coverage.

Therefore, the issue to be resolved is whether an insured who knowingly shoots another, but who does so in self-defense, causes bodily injury "expected or intended by the insured." Although this specific issue is one of first impression, we note at the outset that language which is similar to that found in the intentional injury exclusion of the insurance policy at issue has previously been examined. In *Ga. Farm Bureau Mut. Ins. Co. v. Ray*, 148 Ga. App. 85 (251 SE2d 34) (1978), and *Continental Cas. Co. v. Parker*, 161 Ga. App. 614, 616 (288 SE2d 776) (1982), it was held that the "expected or intended" exclusionary language is plain, unambiguous, and capable of only one reasonable interpretation. " 'Accident' and 'intention' are converse terms. An accident refers to an unexpected happening rather than one occurring through intention or design." *Travelers Indem. Co. v. Hood*, 110 Ga. App. 855, 857 (140 SE2d 68) (1964). "[A]cts could not be unexpected unless they were accidental . . . ." *Thrift-Mart, Inc. v. Commercial Union Assurance Cos.*, 154 Ga. App. 344, 346 (268 SE2d 397) (1980). See also *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333, 335 (291 SE2d 410) (1982).

*Continental Cas. Co. v. Parker*, 167 Ga. App. 859 (307 SE2d 744) (1983) presented an issue similar to that raised in the instant case. The holding in *Parker* was that, although delusional compulsion may be a viable defense in a criminal prosecution, it has no bearing in a civil action wherein the issue is whether the act of an insured is covered under an insurance policy providing liability coverage for occur-

rences which result in bodily injury "neither expected or intentional from the standpoint of the insured." A lack of intent such as would be a defense to criminal liability for an act does not necessarily demonstrate, in a civil case, that the act is not intentional.

Similarly, in the present case, it would appear that, although a claim of self-defense may raise the criminal defense of justification for an intentionally caused injury, it does not vitiate the actual intent to cause the injury. "The defenses of self-defense and justification *do not deny the intent to inflict injury*, but claim authority for the act under the legal excuse of reasonable fear of immediate serious harm to oneself or another. [Cit.] Since an accident defense involves the lack of intent to do the act at all [cit.], the two defenses are inconsistent. [Cits.]" (Emphasis supplied.) *Fields v. State*, 167 Ga. App. 816, 818 (307 SE2d 712) (1983). In other words, although appellant asserts that he shot Smith in self-defense, there is no dispute that he nonetheless intentionally caused Smith bodily injury. See generally *Ga. Farm Bureau Mut. Ins. Co. v. Meriwether*, 169 Ga. App. 363 (312 SE2d 823) (1983). Appellant does not assert that the gun "accidentally" fired, or that he did not intend to hit Smith. Compare *Continental Cas. Co. v. Parker*, supra at 614 (1). If appellant intentionally fired the gun *at* Smith, albeit in self-defense, even if appellant were to assert that such actual injury to Smith as thereby resulted was not that desired or expected, "[t]he general rule which appears to have developed through judicial interpretation and application of exclusionary provisions such as the one in the instant case is that they are inapplicable if and only if the insured acts without the intent or expectation of causing *any injury*, however slight. Conversely, such an exclusion is applicable if the insured acts with the intent or expectation that bodily injury occur, *even if the actual, resulting injury is different either in kind or magnitude from that intended or expected.* [Cit.]" (Emphasis supplied.) *Colonial Penn Ins. Co. v. Hart*, supra at 335. Accordingly, we hold that a claim of self-defense does not vitiate the element of intent so as to remove an act from the ambit of the exclusionary clause in the instant policy.

While the few jurisdictions that have considered this issue have produced varying results, (see Annot., 2 ALR3rd 1238 (1965)), our holding is in agreement with a factually similar case decided by the Court of Appeals of Arizona. In Lockhart v. Allstate Ins. Co., 579 P2d 1120, 1122-1123 (Ariz. Ct. of App. 1978), it was held that "the possible legal justification of self-defense does not save an otherwise intentional act from the 'intentional injury exclusion' [Cits.] . . . . [The insured's] own statement demonstrates that he intended to shoot the gun and to cause injury. Whether he intended the precise injuries which occurred is immaterial." See also Hartford Accident & Indem. Co. v. Krekeler, 363 FSupp. 354 (E.D. Mo. 1973); Home Ins. Co. v.

Neilsen, 332 NE2d 240, 244 (Ind. 1975). Compare Allstate Ins. Co. v. Novak, 313 NW2d 636 (Neb. 1981).

"[W]ords in a contract must be given their usual and primary meaning at the time of the execution of the contract. [Cits.]" *Adams v. North American Business Brokers*, 168 Ga. App. 341, 343 (309 SE2d 164) (1983). The exclusionary language of the instant policy is not limited to criminal acts. It excludes coverage for such bodily injury as was expected or intended by the insured, regardless of his criminal liability for that expected or intended injury.

Accordingly, we find no error.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 15, 1984 —
REHEARING DENIED DECEMBER 3, 1984

*Kirby G. Bailey*, for appellant.
*Hall F. McKinley III*, for appellee.