## 71695. ANTILL v. STATE FARM FIRE & CASUALTY COMPANY.
### (344 SE2d 480)

DEEN, Presiding Judge.

In August 1984, the appellant, Beatrice Antill, swore out a peace warrant against Marie Preslar, charging Preslar with trespass. Eventually, the municipal court dismissed the warrant for lack of probable cause, and on December 12, 1984, Preslar filed suit against Antill, alleging malicious prosecution and seeking damages for mental anguish, physical stress, and litigation expense. Subsequently, the appellee, State Farm Fire and Casualty Company, which provided homeowner's insurance for Antill, commenced this action seeking declaratory judgment that the claims in the Preslar-Antill suit were not covered by the policy. Antill here appeals from the grant of summary judgment for State Farm. *Held*:

The homeowner's insurance policy issued by State Farm in this case specifically excluded coverage for personal liability for any "bodily injury or property damage which is expected or intended by the insured." "The general rule which appears to have developed through judicial interpretation and application of exclusionary provisions such as the one in the instant case is that they are inapplicable if and only if the insured acts without the intent or expectation of causing any injury, however slight. Conversely, such an exclusion is applicable if the insured acts with the intent or expectation that bodily injury occur, even if the actual, resulting injury is different either in kind or magnitude from that intended or expected." *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333, 335 (291 SE2d 410) (1982); accord *Stein v. Mass. Bay Ins. Co.*, 172 Ga. App. 811, 813 (324 SE2d 510) (1984).

Preslar stated a claim against Antill for the intentional tort of malicious prosecution. Antill defended on the basis that she had sworn out the peace warrant against Preslar only to prevent further trespass, and not with any malicious purpose. Under these circumstances, the trial court properly granted summary judgment for State Farm. Antill either committed an intentional tort or she did not, and in either case State Farm would not be liable under the policy. Compare *Continental Cas. Co. v. Parker*, 161 Ga. App. 614 (288 SE2d 776) (1982). Also, Antill's claim that she did not intend for Preslar to suffer the alleged physical or mental stress does not demonstrate any unintended consequences of an intentional act so as to avoid application of the policy exclusion; if Antill instigated Preslar's prosecution maliciously and without probable cause, some injury obviously was intended, and it would not matter that Preslar's alleged stress was not the exact injury expected. *Colonial Penn. Ins. Co. v. Hart*, supra.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED APRIL 7, 1986.

*Joseph M. Gannam*, for appellant.
*Alton D. Kitchings, Edward M. Hughes*, for appellee.