74577. PENNSYLVANIA MILLERS MUTUAL INSURANCE
COMPANY v. CREWS et al.
(361 SE2d 657)

BANKE, Presiding Judge.

Crews, Jr., was injured while being paddled for disciplinary reasons by his school principal, when he twisted to avoid a second "lick" of the paddle. Crews, Sr., filed suit on behalf of his minor son against the principal, the school district, and the Board of Education of Charlton County to recover for the alleged excessive administration of corporal punishment by the principal. Subsequently, the school board's liability insurer, appellant Pennsylvania Millers Mutual Insurance Company, commenced this action to obtain a declaratory judgment to the effect that the damages sought to be recovered in the Crews' suit were not covered by the policy. The insurer appeals a grant of summary judgment in favor of the appellees in the declaratory judgment action, contending that it is protected from liability by a policy exclusion applicable to bodily injury expected or intended by the insured. *Held:*

"The general rule which appears to have developed through judicial interpretation and application of exclusionary provisions such as the one in the instant case is that they are inapplicable if and only if the insured acts without the intent or expectation of causing any injury, however slight. Conversely, such an exclusion is applicable if the insured acts with the intent or expectation that bodily injury occur, even if the actual, resulting injury is different either in kind or magnitude from that intended or expected. See generally, Annot. 2, ALR3d 1238, 1243 § 4 (1965). Thus, there is a recognized distinction between intentional and unintentional results of intentional acts. 'Intent' is defined in Restatement, Torts 2d, § 8A (1965) 'to denote that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it.' 'On the other hand, the mere knowledge and appreciation of a risk, short of a substantial certainty, is not the equivalent of intent.' Prosser, The Law of Torts, p. 32 § 8 (4th ed. 1971)." *Colonial Penn Ins. Co. v. Hart,* 162 Ga. App. 333, 335 (291 SE2d 410) (1982).

Corporal punishment in Georgia schools is authorized by OCGA § 20-2-730 et seq., subject to certain specified limitations and proce-

dures. The principal testified that while he had no intention of injuring Crews, he did administer the punishment to cause pain and discomfort. Indeed, as we have previously noted, "it is to be anticipated that corporal punishment will produce pain." *Maddox v. Boutwell*, 176 Ga. App. 492, 493-494 (336 SE2d 599) (1985). However, the principal's claim that he did not intend for the student to suffer the alleged physical injury would certainly warrant the conclusion that the injury was an unintended consequence of the spanking, thus rendering the policy exclusion inapplicable.

Contrary to the reasoning upon which the dissent is based, such a conclusion would not be foreclosed by the oft-quoted "rule of thumb" set forth in *Great American Ins. Co. v. McKemie*, 244 Ga. 84, 85-86 (259 SE2d 39) (1979), that " 'the allegations of the complaint are looked to to determine whether a liability covered by the policy *is asserted.*' " This language was quoted by the *Great American* court from *Loftin v. U. S. Fire Ins. Co.*, 106 Ga. App. 287, 294 (127 SE2d 53) (1962), where it was specifically observed that this "rule" is confusing and has no application to a situation such as the one before us, where the actual facts bring the claim within the policy coverage, "but the [injured party's] complaint against the insured falsely shows non-coverage." Id. In such a situation, the *Loftin* court decreed that the insurer's duty to defend was not discharged "merely by proving that the allegations of the complaint allege facts excluding the claim from the policy. [Cits.]" Id. It follows that the trial court did not err in granting summary judgment to the appellees in the present case.

*Judgment affirmed. Deen, P. J., Pope and Benham, JJ., concur. Beasley, J., concurs in judgment only. Birdsong, C. J., McMurray, P. J., Carley and Sognier, JJ., dissent.*

CARLEY, Judge, dissenting.

I must respectfully dissent to the majority's conclusion that the provision of appellant's policy excluding coverage for bodily injury expected or intended by the insured is not applicable to this case. The case cited and quoted at length by the majority, *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333 (291 SE2d 410) (1982), sets forth the established criteria for determining applicability vel non of such an exclusion. The majority attempts to bring the factual scenario in this case outside of the general rule by emphasizing that the "principal testified that while he had no intention of *injuring* Crews, he did administer the punishment to cause pain and discomfort." (Emphasis supplied.) (Majority opinion, page 493.) As set forth in the portion of *Colonial Penn Ins. Co.* quoted by the majority "such an exclusion *is* applicable if the insured acts with the intent or expectation that bodily injury occur, *even if the actual, resulting injury is different either in kind or magnitude from that intended or expected.*" (Emphasis

supplied.) *Colonial Penn Ins. Co. v. Hart,* supra, 335. The principal's testimony reveals that he intended to cause "injury" within the meaning of the policy exclusion notwithstanding the fact that the result differed "in kind [and] magnitude from that intended or expected."

It must be remembered that this lawsuit seeks recovery for the intentional tort of assault and battery. Notwithstanding the defense of appellees that the *results* of the spanking were unintentional or their right to offer evidence in support of that defense at trial, "[t]he allegations of the complaint are looked to to determine whether a liability covered by the policy *is asserted.*" (Emphasis in original.) *Great American Ins. Co. v. McKemie,* 244 Ga. 84, 85-86 (259 SE2d 39) (1979). There is *no* evidence or contention that the allegations of the complaint falsely state the factual occurrence of the injury and that, contrary to those allegations, the injury was *not* the ultimate result of the intentional act of spanking. Compare *Loftin v. U. S. Fire Ins. Co.,* 106 Ga. App. 287, 293-294 (127 SE2d 53) (1962). Since, as the majority itself notes, the spanking was intended to produce pain, the fact that it produced more pain than was intended does not bring the injury within the ambit of coverage. Based upon the allegations of the complaint, the liability asserted is within the exclusionary provision of the policy. Thus, the trial court erred in determining that this case is within the coverage of appellant's policy. See also *Stein v. Mass. Bay Ins. Co.,* 172 Ga. App. 811 (324 SE2d 510) (1984). Compare *State Auto. Mut. Ins. Co. v. Thomson,* 180 Ga. App. 90 (348 SE2d 507) (1986). I would reverse the judgment of the trial court and, therefore, I dissent.

I am authorized to state that Chief Judge Birdsong, Presiding Judge McMurray and Judge Sognier join in this dissent.

DECIDED JUNE 8, 1987 —
REHEARING DENIED OCTOBER 13, 1987 — 

*Terry A. Dillard, Bryant H. Bower, Jr.,* for appellant.
*B. Michael Magda,* for appellees.