## 74774. STATE FARM FIRE & CASUALTY COMPANY
## v. MORGAN et al.
### (364 SE2d 62)

SOGNIER, Judge.

State Farm Fire & Casualty Company (State Farm) brought an action against the administrator of the estate of C. W. Belt and others, seeking a declaration that Belt had expected or intended to inflict the fatal injuries to his son and daughter-in-law which were the subject of claims against State Farm, thereby precluding coverage under an exclusion in Belt's homeowners' liability insurance policy. The trial court denied State Farm's motion for directed verdict and the jury returned a special verdict against State Farm. Judgment was entered on that verdict and State Farm appeals.

The record reveals the jury would have been authorized to find that C. W. Belt was a chronically heavy drinker who, apparently without provocation, shot and killed Kevin and Susan Belt and then killed himself. Although there was some conflict in the evidence regarding Belt's demeanor before the occurrence, an autopsy showed that his blood alcohol content was .25 grams percent. The policy provision in question excluded coverage for "bodily injury or property damage which is expected or intended by the insured."

1. Appellant contends the trial court erred by denying its motion for directed verdict because the policy provision excluding coverage for claims for bodily injury "expected or intended" by the insured bars coverage in this instance as a matter of law.

"A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. [Cits.]" *Carver v. Jones*, 166 Ga. App. 197, 199 (3) (303 SE2d 529) (1983). "The standard of appellate review of the trial court's denial of a motion for a directed verdict is the 'any evidence' standard. [Cits.]" *United Fed. &c. Assn. v. Connell*, 166 Ga. App. 329, 330 (1) (304 SE2d 131) (1983).

There was evidence that Belt was highly intoxicated at the time

he shot Kevin and Susan Belt. The question presented for review in this enumeration is whether intent or expectation on the part of the insured may be presumed from his acts and whether his intoxication is legally relevant to a determination whether the policy exclusion applies.

We begin our analysis with the rule set forth in OCGA § 16-3-4 (c), which provides that in criminal cases, voluntary intoxication is no excuse for any crime, and with the proposition that, at least in the eyes of the law, alcoholism is not *involuntary* intoxication, and therefore is not a defense to crimes. *Ford v. State*, 164 Ga. App. 620 (298 SE2d 327) (1982). As long ago as 1877, in *Marshall v. State*, 59 Ga. 154, 157 (1877), the Supreme Court held that, "[a] man who can voluntarily shoot is capable of malice, unless he can plead some infirmity besides drunkenness. To be too drunk to form the intent to kill, he must be too drunk to form the intent to shoot." It appears that at least in one early Georgia case, this principle was incorporated into the civil law as well. *Gaynor v. Travelers Ins. Co.*, 12 Ga. App. 601 (77 SE 1072) (1913). In our view, this incorporation is incorrect, since the criminal statute does not and cannot establish that intent exists in fact in an intoxicated person; for reasons of public policy it merely precludes assertion of a defense to a criminal charge based on lack of intent resulting from the intoxication. In contrast, in civil cases, such as the one sub judice, the concern is whether intent is or was present in fact, in order to determine the applicability of a policy exclusion. Although there is authority to the contrary, the majority view in other jurisdictions is that voluntary intoxication may destroy the capacity to form the intent required to invoke a policy exclusion for acts "intended or expected" by the insured, and that the burden is on the carrier to prove and persuade that the injuries were within the scope of the exclusion. See Annot., 31 ALR4th 957, § 4. We agree with this view, and the reasoning of the Supreme Court of New Jersey explaining it in the case of *Burd v. Sussex Mut. Ins. Co.*, 267 A2d 7 (N.J. 1970). "With respect to voluntary intoxication, the public policy considerations applicable to a criminal prosecution are not decisive as to liability insurance coverage. In criminal matters there is reason to deal cautiously with a plea of intoxication, and this to protect the innocent from attack by drunken men. . . . But other values are involved in the insurance controversy. The exclusion of intentional injury from coverage stems from a fear that an individual might be encouraged to inflict injury intentionally if he was assured against the dollar consequences. [Cit.] Pulling the other way is the public interest that the victim be compensated, and the victim's rights being derivative from the insured's, the victim is aided by the narrowest view of the policy exclusion consistent with the purpose of not encouraging an intentional attack." Id. at 15 (10). This view is in harmony with

our own case law holding that a contract of insurance is construed most strongly against the insurer, particularly where the insurer denies coverage based upon a policy exclusion. See, e.g., *Hartford Life Ins. Co. v. Crumbley*, 169 Ga. App. 847, 849 (315 SE2d 54) (1984). In *Transamerica Ins. Co. v. Thrift-Mart*, 159 Ga. App. 874, 882 (285 SE2d 566) (1981), although we did not need to reach this issue, we nevertheless stated that "unless the actor was so intoxicated as to be unable to know, understand and intend to do the act, it cannot be said that his act was not intentional," thereby implicitly approving the obverse, i.e., if the actor *was* so intoxicated as to be unable to know, understand and intend to do the act, it *can* be said that his act was not intentional. See also *Blankenship v. State*, 247 Ga. 590, 592 (277 SE2d 505) (1981), wherein a jury instruction to that effect was approved. We now explicitly adopt this view, overruling anything to the contrary in *Gaynor v. Travelers Ins. Co.*, supra.

Turning to the case at bar and applying this standard, because the autopsy evidence showed a high level of intoxication and evidence of Belt's demeanor was conflicting, the evidence was not so clear and unequivocal as to demand the conclusion as a matter of law that the injuries resulting from Belt's actions were either intended or expected by him. We find no error in the trial court's denial of appellant's motion for directed verdict. The question of whether the level of intoxication was such as to preclude the formation of intent or expectation was a question for the jury, and not amenable to directed verdict. *Thrift-Mart v. Commercial Union &c. Cos.*, 154 Ga. App. 344, 348 (7) (268 SE2d 397) (1980). That question was properly submitted to the jury, who decided adversely to appellant.

2. Appellant also alleges error in the trial court's refusal to give two requested jury charges.

(a) Appellant's request to charge number 7 provided that "[a]cts cannot be 'unexpected' unless they are accidental." This language is taken from *Stein v. Mass. Bay Ins. Co.*, 172 Ga. App. 811 (324 SE2d 510) (1984), in which a similar factual situation was claimed by the insurance company to bar coverage under a similar "expected or intended" clause. Pretermitting the question whether this exact language is a complete or accurate statement of the law, we agree with appellees that the substance of this charge was sufficiently covered by the trial court in the remainder of its charge, and it was therefore not error for the trial court to refuse to give the requested charge. See *Alexie, Inc. v. Old South &c. Corp.*, 179 Ga. App. 190, 191-192 (1) (345 SE2d 875) (1986).

(b) Appellant's request to charge number 11 provided that "insanity or lack of competence is no defense to an intentional tort." Appellant cites *Continental Cas. Co. v. Parker*, 167 Ga. App. 859, 860 (1) (307 SE2d 744) (1983), as authority for the request. However, we

find the request to be an incorrect statement of the law. The correct rule, quoted in *Parker*, and derived from *Central of Ga. R. Co. v. Hall*, 124 Ga. 322, 333 (52 SE 679) (1905), " ' "is that an insane person is liable for his torts the same as a sane person, except for those torts in which malice, and therefore intention, is a necessary ingredient. . . ." ' " *Parker*, supra at 860 (1). Thus, contrary to the statement in appellant's request to charge, the rule is that insanity *is* a defense to an intentional tort. " 'A requested charge needs to be given only where it embraces a correct and complete principle of law adjusted to the facts and which is not otherwise included in the general instructions given.' [Cit.]" *Andrews v. Major*, 180 Ga. App. 393, 396 (5) (349 SE2d 225) (1986).

Any attempt to draw the charge requested in the case at bar from the specific facts of *Parker* must also fail. Although the insurance company's main concern in that declaratory judgment action naturally would have been coverage under the policy for the insured's intentional acts, in *Parker*, unlike the case at bar, the underlying tort action was in two counts, alleging negligence as well as an intentional assault. There, in the declaratory judgment action, an exculpatory insanity charge was given, and although that charge would have been apt as to the count alleging an intentional tort, it was improper as to the count alleging negligence. Thus the possibility that the jury's verdict had been infected by the charge necessitated a reversal. Had negligence not been alleged in the underlying tort action in *Parker*, reversal in the declaratory judgment action would not have been necessary or warranted. *Parker* is therefore wholly consistent with our holding today. In the case at bar, however, appellant claimed the tort was intentional, and yet requested a charge that insanity was *not* a defense. This is simply incorrect, and the trial court properly refused to give the requested charge.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Carley, Pope, and Benham, JJ., concur. Beasley, J., concurs in the judgment only.*

DECIDED NOVEMBER 20, 1987 —
REHEARING DENIED DECEMBER 17, 1987 — 

*Lynn M. Roberson, Stephen L. Cotter*, for appellant.
*Roy E. Barnes, Mike Treadaway*, for appellees.