76401. ROE et al. v. STATE FARM FIRE & CASUALTY COMPANY.
(373 SE2d 23)

BANKE, Presiding Judge.

This is an appeal from a summary judgment entered in favor of the appellee, State Farm Fire & Casualty Company, in a declaratory judgment action brought to determine its obligation to defend an insured in an action arising out of the insured's sexual molestation of the appellants' minor daughter. The trial court determined as a matter of law that the policy language excluded coverage for the child's injuries.

It is undisputed that the child was repeatedly molested by the insured while she was between seven and ten years of age. At times she was enticed to submit to his will by offers of candy or threats that nude photographs taken of her would be shown to her friends. The insured ultimately pled guilty to the offenses of child molestation and enticing a child for indecent purposes, following which the appellants

presented a "Memorandum of Claim" to the appellee, seeking to recover damages for the insured's conduct. Thereafter, the appellee brought the present declaratory judgment action seeking a determination that it had no obligation in the matter, due to a policy exclusion pertaining to bodily injury "expected or intended by the insured."

In deposition testimony, the insured asserted that he had not intended to injure the girl; and it is on the basis of this testimony that the appellants contend that the policy exclusion does not apply. The insurer, on the other hand, argues that the insured, by the very nature of his acts, must be presumed to have acted with the knowledge and expectation that his conduct would result in injury to the child, regardless of his actual, subjective state of mind. *Held*:

"The general rule which appears to have developed through judicial interpretation and application of exclusionary provisions such as the one in the instant case is that they are inapplicable if and only if the insured acts without the intent or expectation of causing any injury, however slight. Conversely, such an exclusion is applicable if the insured acts with the intent or expectation that bodily injury occur, even if the actual, resulting injury is different either in kind or magnitude from that intended or expected." *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333, 335 (291 SE2d 410) (1982).

The statutes prohibiting child molestation (OCGA § 16-6-4) and enticement of children for indecent purposes (OCGA § 16-6-5) were promulgated by the Legislature as part of a general statutory scheme to protect children under the age of 14 from physical and psychological damage resulting from sexual exploitation. See *Barnes v. State*, 244 Ga. 302, 304-305 (260 SE2d 40) (1979). In adopting this legislation, the Legislature made the common-sense recognition that inherent in every such act is the element of harm. Based on the undisputed facts disclosed by the record in this case, it is clear that if the insured did not actively intend harm to the appellants' daughter, he was at the very least consciously indifferent to the consequences of his conduct upon her. We conclude that he must be presumed under such circumstances to have intended those injuries which naturally and unavoidably flowed from his criminal misconduct, with the result that his assertion that he did not subjectively intend to cause injury to the girl "does not demonstrate any unintended consequences of an intentional act so as to avoid application of the policy exclusion." *Antill v. State Farm Fire &c. Co.*, 178 Ga. App. 659 (344 SE2d 480) (1986). To conclude otherwise would be to allow any insured to defeat such a policy exclusion, no matter how heinous his mistreatment of the injured person, simply by stating that he had no subjective intention of causing the injury but desired merely to satisfy an inner urge. Accordingly, we hold that the exclusion in the subject policy is applicable and that the trial court did not err in granting the appellee's motion

for summary judgment.

  *Judgment affirmed. Birdsong, C. J., Deen, P. J., Carley, Sognier, and Benham, JJ., concur. McMurray, P. J., Pope and Beasley, JJ., dissent.*

  BEASLEY, Judge, dissenting.

  In order for insurer's summary judgment to stand avoiding liability by the exclusion, the record must show that the evidence, including all reasonable inferences and construed in favor of the non-moving claimants, is such that, as a matter of law, the molester expected or intended bodily harm to come to the child as a result of his acts. OCGA § 9-11-56 (c); *Hallford v. Kelley,* 184 Ga. App. 90, 92 (360 SE2d 644) (1987).

  There is evidence supporting the insured's denial of intention to harm, that the insured was so consumed with his desire that his total intention was to satisfy himself, and that he gave no thought whatsoever to the effect on the child. There is a distinction between intentional acts and intentional consequences or results. It is the latter which is the focus of the exclusion. *Colonial Penn Ins. Co. v. Hart,* 162 Ga. App. 333 (291 SE2d 410) (1982). At this stage, therefore, a fact resolution remains. As said in *State Farm Fire &c. Co. v. Morgan,* 185 Ga. App. 377, 378 (364 SE2d 62) (1987), "the concern is whether intent is or was present in fact, in order to determine the applicability of a policy exclusion . . . the burden is on the carrier to prove and persuade that the injuries were within the scope of the exclusion." Thus at trial the burden will be on the insurer to prove that the insured expected or intended bodily injury to the child when he acted. Similar then to the situation in *State Farm,* supra at 379, "[t]he question of whether the [actor's condition] was such as to preclude the formation of intent or expectation [is] a question for the jury, . . . ." The Supreme Court of Georgia agreed. *State Farm Fire &c. Co. v. Morgan,* 258 Ga. 276 (368 SE2d 509) (1988).

  Thus I do agree that the issue with respect to coverage is whether bodily injury was expected or intended by the insured, but I find no authority for the broadening construction of that term by the majority which adds "consciously indifferent to the consequences" to the oft-adjudicated words of the policy. Indifference, even conscious indifference, is not the same mental attitude as intention. Insurance policy exclusions are to be strictly construed, "against the insurer and in favor of providing the indemnity sought." *Mutual Life Ins. Co. v. Bishop,* 132 Ga. App. 816 (209 SE2d 223) (1974); *State Farm,* supra at 379. The newly imported term means "lack of feeling for or against anything; unconcernedness; apathy." Webster's New Intl. Dictionary,

2d ed.[1] Particularly with the principle of strict construction in mind, conscious indifference does not equate with intention so as to be part of the latter's definition.

Furthermore, the exclusion relates to *bodily* injury, and the injuries for which coverage is sought here and of which there is some evidence are solely psychological injuries or, as claimants term it, "mental damages."

On these bases, I respectfully dissent.

I am authorized to state that Presiding Judge McMurray and Judge Pope join in this dissent.

### ON MOTION FOR REHEARING.

On motion for rehearing, the appellants cite the Georgia Supreme Court's recent decision in *State Farm Fire &c. Co. v. Morgan*, 258 Ga. 276 (368 SE2d 509) (1988), aff'g 185 Ga. App. 377 (364 SE2d 62) (1987), as authority for their contention that a material factual dispute exists in this case with respect to whether the insured had any intention to injure the victim. In that case, the Supreme Court held that although voluntary intoxication may not relieve a person of criminal liability for the consequences of his actions, it may render him incapable of forming an intent or expectation of injuring another, so as to place his actions outside an intentional misconduct exclusion in a homeowner's insurance policy. There is no evidence and no allegation in the case before us that the insured was debilitated by intoxication at any time during the three years in which he carried out his repeated acts of sexual molestation, nor is there any allegation that he suffered from any mental disorder which might have affected his capacity to intend the results of his misconduct. Consequently, *State Farm Fire &c. Co. v. Morgan* has no bearing on the present case.

BEASLEY, Judge, dissenting to addendum.

I do not join in the addendum because, as recognized in the original dissent, the underlying principles in *State Farm Fire &c. Co. v. Morgan*, 185 Ga. App. 377 (364 SE2d 62) (1987), obtain here. The subsequent review of that case by the Supreme Court confirms the validity of claimants' position.

---

[1] In tort law, as a basis for punitive damages, the expression relates to "an intentional disregard of the rights of another, knowingly or wilfully disregarding such rights." *Gilman Paper Co. v. James*, 235 Ga. 348, 351 (219 SE2d 447) (1975).

DECIDED JUNE 1, 1988 —
REHEARING DENIED SEPTEMBER 12, 1988

Hamilton Lokey, R. Daniel McGinnis, for appellants.
Stephen L. Cotter, Kent K. Carter, for appellee.