A92A1913. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. MACHETT et al.
(428 SE2d 636)

CARLEY, Presiding Judge.

At issue in the instant declaratory judgment action is the existence of coverage under a homeowner's policy issued by appellant-plaintiff (Insurer) to appellee-defendant (Insured). When the Insured was sued by his son-in-law for injuries inflicted in a domestic dispute, the Insurer undertook the defense of that action pursuant to a reservation of rights and then brought the instant action, seeking a declaration that it afforded no coverage under the policy's exclusion for such bodily injury as was "expected or intended by the [I]nsured." The trial court denied the Insurer's motion for summary judgment, but certified its order for immediate review. The Insurer applied for an interlocutory appeal and this case results from the grant of that application.

Construing the evidence most favorably for the Insured, he did not commit an intentional battery because, after his son-in-law had struck the first blow, he acted in self-defense. In his deposition, the Insured testified that he had "picked [a hammer] up to try to keep

[his son-in-law] off [him]. [He] tried to fend [his son-in-law] off. [He] had intended to hit at [his son-in-law] the first time." The Insured had not known that the object in his hand was a hammer until his son-in-law "went down." "The hammer was the first thing that [he] got in [his] hand." The Insured also denied intending to hurt or injure his son-in-law. He "was trying to block because [his son-in-law] was throwing these punches at [him]. The only thing [he] was doing was just hitting at [his son-in-law]."

"[A]n insured who knowingly shoots another, but who does so in self-defense, causes bodily injury 'expected or intended by the insured.'" *Stein v. Mass. Bay Ins. Co.*, 172 Ga. App. 811, 812 (324 SE2d 510) (1984). The Insured in the instant case did not shoot his son-in-law. He did, however, intentionally strike his son-in-law with an instrument capable of inflicting serious injury or death. Compare *Ga. Farm Bureau Mut. Ins. Co. v. Hurley*, 190 Ga. App. 546 (379 SE2d 420) (1989). The Insured may not have realized that the object that he was wielding against his son-in-law was actually a hammer. However, it is undisputed that he intended to use the hand-held object "to hit at" his son-in-law and that, by doing so, he caused an injury for which his son-in-law seeks damages. Nowhere in the Insured's testimony does he deny the intent to commit the act of "hitting" which underlies his son-in-law's tort action. He merely denies having any intent that his act of "hitting" with the hand-held object cause bodily harm to his son-in-law. See *Roe v. State Farm Fire &c. Co.*, 259 Ga. 42 (376 SE2d 876) (1989), aff'g 188 Ga. App. 368 (373 SE2d 23) (1988). Compare *State Farm Fire &c. Co. v. Morgan*, 258 Ga. 276 (368 SE2d 509) (1988). The Insured's "claim of self-defense may have . . . raised the criminal defense of justification for an intentionally caused injury, but it did not vitiate his admitted, actual intent to [strike his son-in-law with whatever object he held in his hand]." *Brown v. St. Paul Fire &c. Ins. Co.*, 177 Ga. App. 215, 216 (338 SE2d 721) (1985). The instant exclusionary provision is "inapplicable if and only if the insured acts without the intent or expectation of causing any injury, however slight. Conversely, such an exclusion is applicable if the insured acts with the intent or expectation that bodily injury occur, even if the actual, resulting injury is different either in kind or magnitude from that intended or expected. [Cit.]" *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333, 335 (2) (291 SE2d 410) (1982).

The Insured's reliance on *Ga. Farm Bureau Mut. Ins. Co. v. Hurley*, supra, is misplaced. Only four judges concurred in the majority opinion in *Hurley* and it is, therefore, a physical precedent only. Moreover, the insured in *Hurley* testified that his intent had *not* been to deliver a kick to the groin, but merely to use his foot to *push* his fraternity brother in the chest. Thus, the insured in *Hurley* denied

"the intent to commit the act complained of [by the plaintiff in the underlying tort action]." *Roe v. State Farm Fire &c. Co.*, supra at 42. In contrast, the insured in the instant case does not deny that he intentionally used an object, which he later realized was a hammer, "to hit at" his son-in-law. Thus, the Insured concedes "the intent to commit the act complained of [by his son-in-law in the underlying tort action." *Roe v. State Farm Fire &c. Co.*, supra at 42. Accordingly, the instant case is not controlled by *Hurley*, but by *Stein*. " '[T]he possible legal justification of self-defense does not save an otherwise intentional act from the "intentional injury exclusion" (Cits.). . . . (The [I]nsured's) own statement demonstrates that he intended to [strike his son-in-law with the hand-held object] and to cause injury [if necessary]. Whether he intended the precise injuries which occurred is immaterial.' [Cits.]" *Stein v. Mass. Bay Ins. Co.*, supra at 813-814. It follows that the trial court erred in denying the Insurer's motion for summary judgment.

*Judgment reversed. Pope, C. J., and Johnson, J., concur.*

DECIDED MARCH 3, 1993.

*Young, Clyatt, Turner, Thagard & Hoffman, William A. Turner, Jr., Daniel C. Hoffman*, for appellant.

*Alexander & Vann, William C. Sanders, J. Converse Bright, James E. Jarvis, Jr.*, for appellees.