A93A0484. RELIANCE INSURANCE COMPANY
v. WALKER COUNTY et al.
(431 SE2d 700)

McMurray, Presiding Judge.

This wrongful death action arose on October 15, 1988, when a county-owned front-end loader being operated by the decedent Dennis Wayne Turner overturned and crushed him. The trial court granted Walker County's motion for summary judgment on the basis of a covenant not to sue signed by the decedent which contained a disclaimer of liability. On appeal, this court concluded that this exculpatory clause barred the plaintiffs' wrongful death claim on a negligence theory. Walker County had acknowledged that the exculpation provision did not relieve it from liability for wilful or wanton conduct, so the case was remanded to the trial court for a determination of whether the defendants had liability insurance, which would effect a waiver of sovereign immunity and permit the plaintiffs to pursue damages through their allegations of "reckless disregard and conscious indifference" on the part of Walker County. *Turner v. Walker County*, 200 Ga. App. 565, 566 (2) (408 SE2d 818) (1991).

Upon remand, the defendants Walker County and County Com-

missioner Parrish filed a second motion for summary judgment which was denied. They then filed a motion to set aside this order and sought permission to add their insurer, appellant Reliance Insurance Company ("Reliance"), as a third-party defendant. Both motions were granted and defendants filed a third-party complaint seeking a determination of whether the coverage under the insurance policy issued by Reliance applied to the acts alleged in the complaint. The policy expressly excluded coverage for intentional acts where bodily injury or property damage was "expected or intended from the standpoint of the insured." Reliance filed a motion for summary judgment on the ground that conduct showing reckless disregard or conscious indifference to consequences would as a matter of law be expected or intended by the county, and therefore would be excluded from coverage.

The trial court issued an order denying summary judgment and finding "as a matter of fact and law" under the authority of *State Farm Fire &c. Co. v. Morgan*, 258 Ga. 276 (368 SE2d 509) (1988), that the allegations Walker County acted with reckless disregard and conscious indifference did not amount to an intentional or expected act which would be excluded under the insurance policy; and that insurance coverage was therefore provided for the acts alleged against Walker County so as to waive sovereign immunity in the amount of coverage provided. On appeal of this order, Reliance complains that the trial court in effect granted summary judgment or a judgment on the pleadings to the plaintiffs, even though they never made such a motion and there was no evidence in the record to pierce the pleadings denying coverage, which makes the ruling directly appealable as a final order. Reliance also enumerates as error the denial of its motion for summary judgment.

We agree with appellant Reliance that the trial court incorrectly relied upon *State Farm Fire &c. Co. v. Morgan*, 258 Ga. 276, supra. The issue to be decided there was whether the insured's "level of intoxication was such as to preclude the formation of intent or expectation," which this court determined was a question for the jury and not amenable to directed verdict. *State Farm Fire &c. Co. v. Morgan*, 185 Ga. App. 377 (1), 379 (364 SE2d 62) (1987). The Supreme Court affirmed on certiorari, ruling that "[t]he question of intent or expectation here uniquely fits the pattern of those issues of material fact which are not appropriate issues for summary judgment but are decided by the trier of fact." *State Farm Fire &c. Co. v. Morgan*, 258 Ga. 276, supra. In the case sub judice, however, there is no question raised or presented by the evidence in regard to the defendants' ability to form the requisite actual intent to inflict injury. The sole issue is whether, as a matter of law, by reckless conduct or conscious indifference to consequences the county engaged in behavior that was "ex-

pected or intended" to cause bodily injury.

This court early on equated wilful and wanton conduct to instances where "the defendant's conduct was such as to evince a wilful intention to inflict the injury, or else was so reckless or so charged with indifference to the consequences, where human life or limb was involved, as to justify the jury in finding a wantonness equivalent in spirit to actual intent." *Central of Ga. R. Co. v. Moore*, 5 Ga. App. 562, 564 (2), 565 (63 SE 642) (1909). Accord *Hawes v. Central of Ga. R. Co.*, 117 Ga. App. 771 (162 SE2d 14) (1968); *Truelove v. Wilson*, 159 Ga. App. 906, 907 (4), 908 (285 SE2d 556) (1981). See generally Adams & Adams, Georgia Law of Torts, § 3-5 (1987). " 'The general rule which appears to have developed through judicial interpretation and application of exclusionary provisions such as the one in the instant case is that they are inapplicable if and only if the insured acts without the intent or expectation of causing any injury, however slight. Conversely, such an exclusion is applicable if the insured acts with the intent or expectation that bodily injury occur, even if the actual, resulting injury is different either in kind or magnitude from that intended or expected.' [Cits.]" *Antill v. State Farm Fire &c. Co.*, 178 Ga. App. 659 (344 SE2d 480) (1986).

In *Roe v. State Farm Fire &c. Co.*, 188 Ga. App. 368, 369 (373 SE2d 23) (1988), citing *Antill*, it was held that the evidence clearly showed that "if the insured did not actively intend harm to the appellants' daughter [whom he sexually molested], he was at the very least consciously indifferent to the consequences of his conduct upon her." Thus the court concluded "that he must be presumed under such circumstances to have intended those injuries which naturally and unavoidably flowed from his criminal misconduct, with the result that his assertion that he did not subjectively intend to cause injury to the girl 'does not demonstrate any unintended consequences of an intentional act so as to avoid application of the policy exclusion.' [Cit.] To conclude otherwise would be to allow any insured to defeat such a policy exclusion, no matter how heinous his mistreatment of the injured person, simply by stating that he had no subjective intention of causing the injury. . . ." Id.

Three judges dissented in *Roe v. State Farm Fire &c. Co.*, 188 Ga. App. 368, supra, including the author of this opinion, arguing that "[t]here is a distinction between intentional acts and intentional consequences or results. It is the latter which is the focus of the exclusion. [Cit.] At this stage, therefore, a fact resolution remains. As said in *State Farm Fire &c. Co. v. Morgan*, 185 Ga. App. 377, 378 [supra], 'the concern is whether intent is or was present in fact, in order to determine the applicability of a policy exclusion. . . . [T]he burden is on the carrier to prove and persuade that the injuries were within the scope of the exclusion.' Thus at trial the burden will be on the insurer

to prove that the insured expected or intended bodily injury to the [injured person] when [it] acted." Id. at 370. This view is in accord with the general rule, that the three most basic elements of intent within this context "appearing both in the Restatement [of Torts Second] and in court usage are that (1) it is a *state of mind* (2) about *consequences* of an act (or omission) and not about the act itself, and (3) it extends not only to having in the mind a purpose (or desire) to bring about given consequences but also to having in mind a belief (or knowledge) that given consequences are substantially certain to result from the act . . . It is also essential that the state of mind of intent exist when the act occurs. Additional elements of the concept concern the extent to which the intent may relate to different persons or different consequences from those at issue." (Emphasis in text.) Prosser & Keeton on the Law of Torts 33, 34, § 8 (pocket part at p. 15) (5th ed. 1984).

In the recent case of *Hendon v. DeKalb County*, 203 Ga. App. 750, 757 (5), 758 (417 SE2d 705) (1992), summary judgment was reversed because this court found no evidence to support a finding that the defendant engaged in wanton or wilful misconduct or bad faith as opposed to gross negligence. Citing *Truelove v. Wilson*, 159 Ga. App. 906, supra, the court delineated how wanton and wilful conduct differs from gross negligence: "Wilful conduct is based on an actual intention to do harm or inflict injury; wanton conduct is that which is ' "so reckless or so charged with indifference to the consequences . . . as to justify the jury in finding a wantonness equivalent in spirit to actual intent." (Cit.)' [Cit.] ' "Bad faith" is not simply bad judgment or negligence, but it imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will. (Cit.)' *Vickers v. Motte*, 109 Ga. App. 615, 619 (137 SE2d 77) (1964)."

In this case, although Walker County denied the allegations of negligence in its answer, neither Reliance nor Walker County has responded to the claims of gross negligence, reckless disregard and conscious indifference, and wilful and wanton conduct. These allegations were contained in subsequent amendments to the original complaint and did not require an answer under OCGA § 9-11-12 (a). *Adams v. First Nat. Bank of Columbus*, 170 Ga. App. 490 (317 SE2d 301) (1984). The pretrial order recites that these allegations were issues for jury determination. However, no evidence was submitted from which it could be determined by summary judgment that the circumstances described in the policy exclusion existed. While the conduct alleged may or may not be the equivalent of intentional acts for this purpose, as Reliance contends, there must be evidence of the defendants' subjective intention and Reliance bears the burden of proving whether the exclusion is applicable; " 'summary judgment is appropriate

[only] when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case.' [Cit.]" *Moss v. Protective Life Ins. Co.*, 203 Ga. App. 389, 392 (417 SE2d 340) (1992). See *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474) (1991). Thus, denial of Reliance's motion for summary judgment was correct because it has not shown by the record that the county defendants "expected or intended bodily injury" to the plaintiffs' decedent.

The trial court also ruled that the plaintiffs' allegations that the county defendants acted with reckless disregard and conscious indifference did not amount to an intentional or expected act which would be excluded under the insurance policy; and that therefore there was coverage provided for the acts alleged against the county defendants so the defense of sovereign immunity was waived and the plaintiffs could pursue their claim in the amount of the coverage provided in the policy. The court apparently decided that acts of "reckless disregard and conscious indifference" were of a lesser degree of tortuousness than acts where the actor "expected or intended bodily injury" in concluding that there was insurance coverage. However, this pronouncement effectuated a summary judgment in the plaintiffs' favor against Reliance on the issue of insurance coverage, even though there was no such motion made by either the plaintiffs or the county defendants. The ruling was premature, as the plaintiffs must prove to the satisfaction of the jury that the acts were done with "reckless disregard and conscious indifference of the consequences" in order to prevail. They also must counter Reliance's defense that the legal expression is the equivalent of its contract term and thus the contract exclusion automatically applies to deny insurance coverage. If they are not successful, the county defendants will prevail on their claim of sovereign immunity. Consequently the case must once again be remanded for determination in accordance with this opinion.

*Judgment reversed with direction. Beasley, P. J., and Cooper, J., concur.*

DECIDED APRIL 19, 1993 —
RECONSIDERATION DENIED MAY 26, 1993.

*Hicks, Marsh, Casey & Young, William T. Casey, Jr., Mark A. Barber*, for appellant.

*Bruce & Hentz, Wm. Davis Hentz, Watson & Dana, Dennis D. Watson, Milligan, Barry, Hensley & Evans, Frederick M. Milligan*, for appellees.