A95A2730. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY et al. v. LANE.
(466 SE2d 272)

BLACKBURN, Judge.

We granted Georgia Farm Bureau Mutual Insurance Company's and Georgia Farm Bureau Casualty Insurance Company's (collectively

Georgia Farm) application for discretionary review of the trial court's order denying their motion for summary judgment in the underlying declaratory judgment action. By such suit Georgia Farm sought a determination of coverage of their insured, Schubert Lane, after he allegedly shot and injured James Prince in self-defense. Relying on our decision in *Ga. Farm Bureau Mut. Ins. Co. v. Hurley*, 190 Ga. App. 546 (379 SE2d 420) (1989), the trial court determined that issues of material fact precluded summary judgment for Georgia Farm because Lane deposed that he "shot in self-defense, that he did not aim to kill, and that he did not intend to injure intervenor Prince." Georgia Farm enumerates only that the trial court erred by denying their motion for summary judgment.

In *Hurley*, supra, the insured kicked Hurley, a college fraternity brother, in the groin. The insured maintained that he kicked Hurley in order to push him away, but denied that he had intended to hit him in the groin. We concluded that an issue of material fact remained as to whether the insured's conduct fell within the ambit of the intentional injury exclusion "because the type and degree of force employed by the insured . . . could reasonably be viewed as consistent with the absence of any intention on his part to cause the injury [cit.], and because the insured . . . testified unequivocally that he was acting in self-defense but that he did not in fact intend to injure Hurley." Id. at 548. We have concluded the contrary, however, where, as here, the insured knowingly and intentionally shot another in self-defense. See *Stein v. Massachusetts Bay Ins. Co.*, 172 Ga. App. 811, 812 (324 SE2d 510) (1984).

Upon giving his deposition, Lane admitted that he aimed his gun at Prince's right side. Although Lane deposed he pulled the trigger only to get Prince to stop shooting, Lane further admitted that his intent was to shoot at Prince. Lane also acknowledged that his gun was capable of inflicting serious bodily harm. Because the evidence thus shows that Lane intended to cause injury to Prince, the fact that he may have acted in self-defense is insufficient to vitiate the element of intent so as to remove such act from the ambit of the exclusionary clause. See *Ga. Farm Bureau Mut. Ins. Co. v. Machett*, 207 Ga. App. 588, 589-590 (428 SE2d 636) (1993).

"When a motion for summary judgment is submitted and supported by evidence, the adverse party may not rest his case as made, but must set forth specific facts and present his case in full in order to show there is a genuine issue for trial. The burden of proof is shifted when the moving party makes a *prima facia* showing that it is entitled to judgment as a matter of law. At that time the opposing party must come forward with rebuttal evidence or suffer judgment against him. If . . . the defendant fails to respond with specific facts showing a genuine issue for trial, summary judgment is properly

granted." (Citations and punctuation omitted.) *Elec. Distrib. v. Turner Constr. Co.*, 196 Ga. App. 359, 364-365 (395 SE2d 879) (1990). There being no showing of a genuine issue for trial, the trial court erred in failing to grant the motion for summary judgment.

*Judgment reversed. Andrews, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED DECEMBER 21, 1995.

*Brown & Livingston, Becky D. Livingston, Jeff Akins*, for appellants.

*Allen & Classens, Francis W. Allen, Michael J. Classens, H. Lehman Franklin, Jr.*, for appellee.