## A94A0804. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. PURVIS et al.
### (444 SE2d 109)

BIRDSONG, Presiding Judge.

We granted this interloctory appeal of the denial of summary judgment to Georgia Farm Bureau Insurance Company in its suit for declaratory judgment regarding a homeowner's insurance policy issued to defendant Frederick Purvis. Purvis, his son and others were sued for damages by Nelson N. Wilson, whose house was destroyed by a fire set by Purvis' son Kevin and two other boys while they were vandalizing the house. *Held*:

There is no material dispute that Kevin Purvis and others entered Wilson's house and vandalized it, swinging sticks at lights, breaking windows and causing other damage. They found a box of matchbooks and began "flipping" burning matchbooks at each other. One matchbook landed on a sofa and ultimately caused the house to be destroyed by fire.

Farm Bureau says Purvis' homeowner's policy excludes coverage for damage "which is *expected* or *intended* by the insured." (Emphasis supplied.) Purvis contends Kevin did not expect or intend to burn the house down, and that although some damage was "intentionally" caused, e.g., the breaking of windows and light bulbs, none of those actions caused the fire.

This type of exclusion was considered in *Thrift-Mart v. Commercial Union Assurance Cos.*, 154 Ga. App. 344 (268 SE2d 397). In that case, we said the evidence supported the jury's finding that the vandal *intended or expected damage to occur* to items he swept off the store shelf; even if he did not intend or expect to *burn* the property, the policy exclusion does not restrict the injury or damage to fire. " ' "Accident" and "intention" are converse terms. An accident refers to an *unexpected* happening rather than one occurring through intention or design.' . . . [Cit.] Thus, [the vandal's] acts could not be unexpected unless they were accidental, and there was no evidence that such was the case. Hence, if the jury found that [the vandal] intended to cause harm to the property of another, the resulting damage was both intentional and expected, as contemplated by the exclusion of coverage." Id. at 346. This language authorizes summary judgment to the insurer, for there is no issue of material fact remaining that Purvis *expected or "intended to cause harm"* and "there was no evidence that [his acts were accidental]." (Emphasis supplied.) Id.

The general rule is that such exclusions are applicable if and only if the insured acts without the intent or expectation of causing *any injury*, however slight. " 'Conversely, such an exclusion is applicable if the insured acts with the intent or expectation that . . . injury occur, *even if the actual, resulting injury is different either in kind or*

*magnitude from that intended or expected.* (Cit.)' . . . [Cit.]" *Stein v. Massachusetts Bay Ins. Co.*, 172 Ga. App. 811, 813 (324 SE2d 510).

The facts in this case are even more fitted to the exclusion than those in *Thrift-Mart*, where it was not clear how the fire started. Here it is undisputed that the fire started because the vandals deliberately flipped lit matches at each other. It must be concluded beyond any genuine issue of material fact that they intended damage to the house; the fact that the damage was more severe than they intended "does not vitiate the element of intent." *Stein,* supra at 813. There is nothing for a jury to decide because the evidence is undisputed that Kevin "expected" and "intended" to damage the property. Moreover, the nature of fire is such that it can be "expected" to get out of hand, and if a person "intentionally" lights a matchbook of matches and flips it onto a sofa, damage or destruction of the premises by fire may be reasonably "expected."

Judging the evidence most favorably to the respondents (*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474)), Farm Bureau is entitled to summary judgment.

*Judgment reversed. Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 19, 1994 —
RECONSIDERATION DENIED MAY 16, 1994.

*Andrew, Threlkeld & Thompson, Richard S. Thompson,* for appellant.

*Robert S. Reeves, Wilmer L. Salter, Jr., Shepherd, Gary & Mc-Whorter, Millard B. Shepherd, Jr.,* for appellees.