A95A2830. SOUTHERN GUARANTY INSURANCE COMPANY OF GEORGIA v. PHILLIPS et al.
(469 SE2d 227)

BIRDSONG, Presiding Judge.

After the grant of authority for an interlocutory appeal, Southern Guaranty Insurance Company appeals the denial of its motion for summary judgment in an action seeking a declaration of its obligations under a homeowner's insurance policy issued to Bobby Gene Phillips ("Phillips") and Carolyn Virginia Phillips as the named insureds. The case arises from an incident in which Carolyn Virginia Phillips was shot and killed by Phillips, her former husband.

Although he has stated that he only intended to kill himself in her presence, Phillips, with a .38 calibre pistol, waited for Carolyn Virginia Phillips at her place of employment. After she arrived, he confronted her from a position about 20 feet away. When she turned to walk to her office, Phillips fired a shot which struck her in the back, severed her spine, and knocked her prone on the ground. Phillips then walked the 20 feet over to where she lay, stood over her, and fired four shots into her body while she lay on the ground. Then, Phillips shot himself once in the chest, reloaded his pistol and then shot himself in the chest two more times. Although he said he was trying to commit suicide, he was unsuccessful.

Later Phillips was indicted for murder, but as part of a negotiated plea he was allowed to plead guilty, but mentally ill, to the lesser offense of voluntary manslaughter. The transcript of the hearing on Phillips' guilty plea shows that the district attorney represented to

the court that the family of Virginia Phillips told him "in no uncertain terms" that the family wanted to dispose of the murder case with a plea bargain.

The action below was filed against Bobby Gene Phillips; Fred Davis Thomas, administrator of the estate of Carolyn Virginia Phillips; and Opal S. Johnson, Jackie Simmons, Faye Loveless, Sidney Simmons, Helen E. Thomas, and Billy Simmons, the mother, brothers and sisters of Carolyn Virginia Phillips. Carolyn Virginia Phillips' administrator, mother, and brothers and sisters are plaintiffs in a civil action pending against Phillips that alleges that he negligently and wilfully and intentionally shot and killed Carolyn Virginia Phillips by shooting her five times with a pistol.

After Southern Guaranty's motion for summary judgment was denied below, this Court granted a petition for interlocutory appeal. On appeal Southern Guaranty contends the trial court erred by denying its motion for summary judgment because the incident was not covered by its policy. *Held*:

1. "[A] court's first obligation in cases such as this is to construe the insurance policy to determine the scope of the policy and any exclusion at issue. If any question of fact is then relevant, the jury must decide those issues. Further, before addressing whether the terms of some exclusion might be applicable, the initial consideration is whether the policy covered the incident in which [Carolyn Virginia Phillips was killed]. To establish a prima facie case on a claim under a policy of insurance the insured must show the occurrence was within the risk insured." (Citations and punctuation omitted.) *Allstate Ins. Co. v. Grayes*, 216 Ga. App. 419, 420 (454 SE2d 616).

In this case, the homeowner's policy in question provided liability coverage for "damages because of bodily injury or property damage caused by an *occurrence* to which this coverage applies." An "occurrence" is defined in the policy as an accident. "Although the policy does not define the term 'accident,' in Georgia an accident is defined as an event which takes place without one's foresight or expectation or design. An accident refers to an unexpected happening rather than one occurring through intention or design. Acts could not be unexpected unless they were accidental." (Citations and punctuation omitted.) Id. at 421.

Thus, our first consideration must be whether the death of Carolyn Virginia Phillips was the result of an accident. If her death was not accidental, it would not be covered by the policy regardless of any relevant exclusions.

Under the undisputed testimony in this case, Carolyn Virginia Phillips' death was clearly not accidental. Phillips testified at his deposition that the gun did not go off accidentally, and that he shot her; he fired the gun and intended to shoot the gun and strike her. Under

these circumstances, Carolyn Virginia Phillips' death did not result from an accident. Accordingly, her death was not covered by the policy, and the trial court erred by denying Southern Guaranty's motion for summary judgment.

2. Additionally, although we do not find it necessary to discuss the applicability of the exclusions at issue, the trial court also erred by denying summary judgment on the intentional acts exclusion. *Merritt v. State Farm Fire &c. Co.*, 218 Ga. App. 652 (463 SE2d 42); *State Farm Fire &c. Co. v. Moss*, 212 Ga. App. 326 (441 SE2d 809).

Therefore, the judgment of the trial court must be reversed and the case remanded to the trial court with direction to enter summary judgment for Southern Guaranty.

*Judgment reversed with direction. Johnson and Smith, JJ., concur.*

DECIDED JANUARY 25, 1996 —
RECONSIDERATION DENIED MARCH 6, 1996 — 

*Johnson, Beckham & Dangle, Robert F. Dangle*, for appellant.
*Word & Flinn, Gerald P. Word, Lane, O'Brien, Caswell & Taylor, Eugene O'Brien, Head, Head & Head, Henry C. Head*, for appellees.