A97A2275. ALLSTATE INSURANCE COMPANY v. JUSTICE et al.
(493 SE2d 532)

Judge Harold R. Banke.

This appeal arose from a declaratory judgment action in which Allstate Insurance Company sought a determination as to whether the homeowner's insurance policy at issue afforded coverage for personal injuries sustained when its insured shot a bystander. Enumerating four errors, Allstate appeals the jury verdict obligating it to defend and indemnify its insured.

While at a party, Allstate's insured, Kenneth Justice, discovered that George Jordan was armed and threatening to steal his gold necklace. Justice then walked home and retrieved his father's revolver from a nightstand. Justice returned to the party, became

embroiled in a confrontation with Jordan in which both youngsters displayed their weapons, but eventually tempers subsided. Shortly thereafter, Jordan left the party and returned with a shotgun. When Justice spotted Jordan armed with the shotgun, he pulled out the revolver and jumped behind a car. After Jordan fired a shot from behind a tree, Justice returned fire, shooting the gun twice. A stray bullet struck Leonard Williams, who was uninvolved in the incident and had parked across the street.[1] Williams was wounded in the hip as he exited his car with his young daughter. Justice, who was 13 or 14 at the time of the incident, denied aiming the weapon at Jordan. He testified that he did not intend to hurt Jordan, was scared, and was shooting to protect himself and to frighten Jordan away. According to Justice, he had never met Williams, did not know that Williams was in the area, and had no intent to hurt or shoot him. Allstate paid Williams' medical expenses and allegedly assured Justice's parents that the incident was covered under the policy at issue.

After Williams filed suit against Kenneth Justice and his parents, Robert and Ann Justice, Allstate then filed the underlying declaratory judgment action against the Justices and Leonard Williams. Allstate contended two exclusions for criminal and intentional acts foreclosed coverage. One exclusion precluded coverage for "bodily injury . . . intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of any insured person." It further stated: "This exclusion applies even if: (b) such bodily injury . . . is of a different kind or degree than that intended or reasonably expected; or (c) such bodily injury . . . is sustained by a different person than intended or reasonably expected." The other exclusion provided: "[w]e do not cover bodily injury . . . intended by, or which may reasonably be expected to result from the intentional act or acts or omissions of, any insured person, which are crimes pursuant to the Georgia Criminal Code. However, this exclusion shall not apply if such act or omission was for the preservation of life or property."

At trial, the parties disputed the nature of Justice's conduct. Allstate contended his actions were criminal and intentional. The defendants countered that Justice's actions were taken for self-preservation and that although Justice intended to fire the pistol, he had absolutely no intention of injuring Jordan or Williams. Allstate appeals the jury's determination the shooting incident fit within the parameters of the policy. *Held*:

1. Allstate asserts that the trial court erred in denying its

---

[1] Although Allstate repeatedly claims that Justice aimed and fired into a crowd of people, Allstate failed to offer any evidence that Williams was part of a crowd or that Justice aimed and fired into a crowd.

motions for directed verdict and judgment notwithstanding the verdict because Williams' injuries did not "arise from an occurrence" within the meaning of the policy. An "accident" is an event which takes place without one's foresight, expectation, or design. *Southern Guaranty Ins. Co. v. Phillips*, 220 Ga. App. 461, 462 (1) (469 SE2d 227) (1996). Under the facts here, the jury could find that the shooting was an accident caused by a stray bullet and an "occurrence" within the meaning of the family liability policy at issue. Compare *Phillips*, 220 Ga. App. at 462 (1) ("accident" refers to "unexpected happening" as opposed to deliberate and intentional shooting of victim). Inasmuch as the nature of the incident was a disputed issue, we cannot say Allstate was entitled to a directed verdict. OCGA § 9-11-50 (a). *Hiers-Wright Assoc. v. Manufacturers Hanover Mtg. Corp.*, 182 Ga. App. 732 (2) (356 SE2d 903) (1987) (directed verdict and motion j.n.o.v. only proper where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a particular verdict).

2. Allstate contends that coverage for the incident at issue was precluded by the intentional and criminal acts exclusion. In employing the rules of contract construction, insurance policy exclusions are construed most strongly against the insurer and in favor of providing the coverage sought. *Southern Guaranty Ins. Co. v. Saxon*, 190 Ga. App. 652 (379 SE2d 577) (1989).

In applying the exclusion for intentional or expected bodily injury, the general rule is "if the insured intends some injury, however slight or minor, and a different or greater injury occurs, then the exclusion applies." *West American Ins. Co. v. Merritt*, 216 Ga. App. 822, 823 (456 SE2d 225) (1995). "Intent" means having a desire to bring about particular consequences which are substantially certain to result from the act. *Merritt*, 216 Ga. App. at 823. " '[M]ere knowledge and appreciation of a risk, short of a substantial certainty, is not the equivalent of intent.' (Citations omitted.)" *Brown v. St. Paul Fire &c. Ins. Co.*, 177 Ga. App. 215, 216 (338 SE2d 721) (1985). In using the substantial certainty test for determining intent, a jury could find that when Justice deliberately fired the pistol, he had no intent to wound Jordan and that he had no reason to be substantially certain that an errant bullet might hit a person whose presence he was unaware of. While the general risk of some third party's injury during the shooting may have been appreciable, the evidence did not demand a finding that Justice knew that an injury was substantially certain to occur. See *Brown*, 177 Ga. App. at 217. Because the evidence did not demand a finding that the insured intended to harm Jordan, a jury could find that the intentional injury exclusion including the exclusion for a different kind of injury, did not apply. *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333, 335 (2) (291 SE2d 410)

(1982). See *Southern Guaranty Ins. Co. v. Saxon*, 190 Ga. App. at 653.

Notwithstanding Allstate's contention to the contrary, the jury had to determine the meaning of "intended" and "reasonably expected." See *Stinson v. Allstate Ins. Co.*, 212 Ga. App. 179, 181 (1) (441 SE2d 453) (1994) (jury issue created as to whether insured's conduct fit objective "reasonable person" standard).[2] Compare *Ga. Farm &c. Ins. Co. v. Purvis*, 213 Ga. App. 239, 240 (444 SE2d 109) (1994) (where vandals intended to inflict property damage, the fact that damage exceeded their intent did not vitiate exclusion).

Moreover, the policy exclusion for intentional or criminal acts was inapplicable "if such act or omission was for the preservation of life or property." The evidence showed that after the initial confrontation for which Justice had armed himself had concluded, Justice had no reason to believe that his assailant would return armed with a shotgun and fire at him. A jury could, therefore, find that Justice fired the pistol to preserve his own life. See OCGA § 16-3-21. Notwithstanding Allstate's contention to the contrary, the facts do not support a finding of "mutual combat" which requires mutual fault and mutual intent to engage in such combat because of a sudden quarrel. *Langford v. State*, 212 Ga. 364, 366 (1) (93 SE2d 1) (1956).

3. Allstate asserts that the trial court erred in two jury instructions. However, although Allstate excepted to Williams' charge number one and Justice's charge number three, it failed to inform the court of its reasons for doing so, depriving the trial court of the opportunity to evaluate the nature of the objections and to rule intelligently on the specific points raised. OCGA § 5-5-24 (a); *Christiansen v. Robertson*, 237 Ga. 711, 712 (229 SE2d 472) (1976). By not setting forth its grounds for its exceptions, Allstate failed to preserve the alleged errors for appeal. *Lissmore v. Kincade*, 188 Ga. App. 548, 551 (4) (373 SE2d 819) (1988); see *First Union Nat. Bank v. Cook*, 223 Ga. App. 374, 378 (6) (477 SE2d 649) (1996).

Notwithstanding its failure to properly except to the charge, Allstate contends that the instructions constituted substantial error harmful as a matter of law under OCGA § 5-5-24 (c). We disagree. See *Greenhill v. State*, 199 Ga. App. 218, 222 (404 SE2d 577) (1991); *Wisenbaker v. Warren*, 196 Ga. App. 551, 555 (5) (396 SE2d 528) (1990) (appellant must show erroneous charge caused gross injustice which likely deprived it of fair trial).

(a) In one instruction, the court charged that the jury would be required to find for the defendants if it concluded that the actions of

---

[2] The policy in *Stinson* differed from the instant policy and provided: "We do not cover any bodily injury . . . which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person." *Stinson*, 212 Ga. App. at 180 (1).

Kenneth Justice were for the preservation of life or property. Although the language could likely have been worded better, the instruction as a whole is not confusing and the latter portion of the charge tracks the language of the insurance policy at issue.

(b) In the other charge, the trial court instructed, "I further charge you that under the Georgia law an exclusion in a family liability insurance policy based on an intentional act of a person under the policy does not exclude coverage under the policy where there is an intentional act by the insured, but the insured did not intend to cause the injury which resulted from the intention or act." However, the intentional act exclusion at issue expressly stated that coverage was precluded even if the bodily injury is of a different kind or degree than intended, and even if the bodily injury is sustained by a different person than intended or reasonably expected. This instruction did not accurately reflect that part of the exclusion. Nevertheless, in light of Allstate's failure to properly except to this instruction, and because the jury could still have found for the defendants if it determined that Justice acted to preserve his own life, Allstate cannot prove the requisite harm to necessitate reversal. *Moon v. Kimberly*, 116 Ga. App. 74, 75 (2) (156 SE2d 414) (1967).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 9, 1997 —
RECONSIDERATION DENIED NOVEMBER 4, 1997 —

*Chambers, Mabry, McClelland & Brooks, Eugene P. Chambers, Jr., Deeann B. Waller*, for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Joseph L. Waldrep, Self, Mullins, Robinson, Marchetti & Kamenski, Miller P. Robinson, Deron R. Hicks, F. Houser Pugh*, for appellees.