### A09A0570. RICHARDSON v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

(678 SE2d 348)

MIKELL, Judge.

Michael Scott Axley struck Andy Richardson in the face at the Hi-Fi Buys Amphitheater on July 30, 2006, causing Richardson to fall and strike his head on concrete. Two days later, Richardson died as a result of the injuries sustained during his altercation with Axley. Gloria Richardson, individually and as administratrix of the estate of Andy Richardson, filed a wrongful death action against Axley and several other defendants. At the time of the incident, Axley was a

---

YALE LAW LIBRARY

named insured under a homeowners' policy issued to him by Georgia Farm Bureau Mutual Insurance Company ("Farm Bureau").

Farm Bureau filed a declaratory judgment action, seeking a ruling that it was not required to provide coverage to Axley in connection with the incident. Farm Bureau moved for summary judgment, raising two arguments: (1) that Axley failed to provide written notice of the claim "as soon as practical" as a prerequisite to receiving coverage under the homeowners' policy; and (2) that the policy excluded from coverage injuries that were "expected or intended by the insured." Agreeing with both grounds asserted by Farm Bureau, the trial court entered an order granting the motion for summary judgment, from which Richardson appeals. Because the policy exclusion applied, we affirm.

1. In her first enumeration of error, Richardson argues that Farm Bureau was not entitled to summary judgment because the policy exclusion was inapplicable. The exclusion at issue provides as follows: "Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage: a. which is expected or intended by the insured." We construed this exact exclusionary language in *Ga. Farm Bureau Mut. Ins. Co. v. Machett*,[1] an appeal from a denial of the insured's motion for summary judgment in a declaratory judgment action. There, we reversed the trial court's conclusion that the policy exclusion was inapplicable where the insured hit his son-in-law with a hammer in self-defense but deposed that he did not intend to hurt or injure his son-in-law.[2] We explained that the policy exclusion is

> inapplicable if and only if the insured acts without the intent or expectation of causing any injury, however slight. Conversely, such an exclusion is applicable if the insured acts with the intent or expectation that bodily injury occur, even if the actual, resulting injury is different either in kind or magnitude from that intended or expected.[3]

We also explained that "[t]he possible legal justification of self-defense [did] not save an otherwise intentional act from the 'intentional injury exclusion.' "[4]

It is undisputed that Axley intended to hit Andy Richardson.

---

[1] 207 Ga. App. 588 (428 SE2d 636) (1993).

[2] Id. at 589-590. The insured deposed that he did not even know that he was wielding a hammer until his son-in-law "went down." Id. at 588-589.

[3] (Citation and punctuation omitted.) Id. at 589. See also *Kennedy v. State Farm Fire &c. Co.*, 738 FSupp. 511, 513 (S.D. Ga. 1990).

[4] (Citation and punctuation omitted.) *Machett*, supra at 590.

Like the insured in *Machett*, Axley deposed that he punched Andy Richardson in self-defense but did not intend or expect the injury that followed. Therefore, our ruling in *Machett* governs here, with the result that the policy exclusion is applicable because Axley acted with the intent or expectation that bodily injury would occur. The fact that the resulting injury was different in magnitude from that intended or expected by Axley is inapposite.[5]

Richardson cites *West American. Ins. Co. v. Merritt*[6] in support of her argument that summary judgment was inappropriate. But *Merritt* is distinguishable from the instant case because there, a question of fact remained as to the insured's intent. In *Merritt*, the insured's teenage son, who injured another boy by shooting him with a BB, testified that they were playing and that he had not intended to cause injury.[7] The insured testified that "his intent was for the BB to hit [the plaintiff] and for [the plaintiff] to experience the same stinging [the insured] had felt in his buttocks when he was struck by the BB fired by [the plaintiff]"[8] and that "he, [the plaintiff] and others had engaged in 'BB war' in the past and that the players were often hit with BB's but no physical injury had ever resulted."[9] Under those facts, we concluded that the insurer was not entitled to summary judgment because a genuine issue of material fact remained as to whether injury was actually intended.[10] Here, no such question remains. Accordingly, the trial court's grant of summary judgment to Farm Bureau was appropriate.

2. "On appeal, a grant of summary judgment will be affirmed if it is right for any reason."[11] Therefore, based on Division 1, we need not consider Richardson's remaining enumeration of error.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 12, 2009.

---

[5] See *Roe v. State Farm Ins. &c. Co.*, 259 Ga. 42 (376 SE2d 876) (1989) (injuries resulting from intentional act of molestation were expected or intended as a matter of law despite insured's argument that he did not intend the injury).

[6] 216 Ga. App. 822 (456 SE2d 225) (1995).

[7] Id. at 823-824.

[8] Id. at 822.

[9] Id. at 824.

[10] Id. See *Nationwide Mut. Fire Ins. Co. v. Kim*, 294 Ga. App. 548, 552 (1) (669 SE2d 517) (2008) (the insurer had a duty to provide a defense to the claims asserted against the insured because a factual issue existed as to whether the insured's actions were intentional where the insured testified that she accidentally threw an ice cream scoop that caused injury to the plaintiff).

[11] (Citation omitted.) *Collier v. State Farm Mut. Automobile Ins. Co.*, 249 Ga. App. 865, 868 (3) (549 SE2d 810) (2001).

*Fain, Major & Brennan, James W. Hardee*, for appellants.
*Downey & Cleveland, Joseph C. Parker, Min J. Koo*, for appellee.