## A10A0276. ALLSTATE INSURANCE COMPANY v. NEAL et al.
### (696 SE2d 103)

PHIPPS, Presiding Judge.

Deputy sheriff Patrick Neal was injured in a shooting with Frank Sheridan while trying to serve Sheridan with an arrest warrant at Sheridan's residence. Sheridan was killed. Neal brought a tort action against Sheridan's estate seeking damages for his injuries. Sheridan's homeowner's insurer, Allstate Insurance Company, brought this declaratory judgment action against Neal and the estate seeking a ruling that it was not obligated to provide the estate with coverage, indemnity or a defense for any claim arising out of the shooting. The trial court denied Allstate's motion for summary judgment in the declaratory judgment action, and we granted interlocutory review. Finding that Allstate was entitled to judgment as a matter of law, we reverse.

Summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] On appeal from the grant or denial of summary judgment, we conduct a de novo review, construing the evidence and all reasonable conclusions and inferences drawn therefrom in the light most favorable to the nonmovant.[2]

Neal's deposition testimony is the only record evidence of the circumstances of the shooting. He testified that he was assigned to serve an arrest warrant on Sheridan. At about 3:00 p.m. on August 10, 2004, Neal drove to Sheridan's house in his patrol car. There, he saw Sheridan standing beside the passenger door of a truck which had been backed into the driveway. The two men looked at each other. Sheridan then ran "around the back of his truck to the driver's side."

Concerned that Sheridan would flee, Neal parked his patrol car in front of the truck and got out of his car. Neal called out Sheridan's name and walked toward him. Sheridan was standing next to the open driver's door of the truck, facing away from Neal. At this point, Neal stood about one foot away from the edge of the door. Sheridan turned toward him holding a gun pointed at the ground, and Neal drew his gun. Neal stepped to the side, putting the truck door between himself and Sheridan. Sheridan raised his gun. Neal ordered Sheridan to put down the gun, but Sheridan fired the gun twice through the glass window of the truck door, hitting Neal. Sheridan then came "around the [truck] door shooting at [Neal] again, and that's when [Neal] returned fire on him." During the

---

[1] OCGA § 9-11-56 (c).

[2] *O'Dell v. Pine Ridge Investments*, 293 Ga. App. 696 (667 SE2d 912) (2008).

exchange, Sheridan retreated behind the door of the truck and came out from behind it a second time. Sheridan then fell to the ground and continued to fire at Neal. Both men were shot multiple times during the exchange, which lasted five to seven seconds.

1. In determining Allstate's obligations regarding Neal's claims against the estate, the initial consideration is whether the policy covered the incident in which Neal suffered his injuries.[3] Allstate contends that Sheridan's homeowner's insurance policy did not cover it. The policy provided coverage for "damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies." The policy defined "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage." Thus, we must decide whether the shooting from which Neal's injuries arose was an "accident."

Sheridan's policy with Allstate did not define "accident." Interpreting similar policy provisions, however, we have defined an accident as "an event which takes place without one's foresight or . . . design" and "an unexpected happening."[4] Applying this definition of accident to an injury arising from an intentional shooting, we reversed the denial of summary judgment to a liability insurer in *Allstate Ins. Co. v. Grayes*,[5] holding that where the insured "intended to shoot the gun and hit those whom he intended to shoot," then as a matter of law the shooting was not an "event[ ] which took place without [the insured's] foresight or expectation or design."[6]

Neal contends that a jury question exists concerning whether Sheridan intended to shoot the gun and to hit him, arguing that "[b]ecause the shooter in this case is deceased, and therefore is

---

[3] *Perry v. State Farm Fire &c. Co.*, 297 Ga. App. 9, 10-11 (676 SE2d 376) (2008); see *Scottsdale Ins. Co. v. Great American Assurance Co.*, 271 Ga. App. 695, 697 (2) (610 SE2d 558) (2005) (court must consider whether policy covered incident in which injury occurred before addressing whether policy exclusion applies); *Southern Guaranty Ins. Co. v. Phillips*, 220 Ga. App. 461, 462 (1) (469 SE2d 227) (1996) (same); *Allstate Ins. Co. v. Grayes*, 216 Ga. App. 419, 420 (1) (454 SE2d 616) (1995) (same).

[4] *Grayes*, supra at 421 (1) (citations and punctuation omitted); accord *Phillips*, supra.

[5] Supra.

[6] Id. (citation omitted); see also *Phillips*, supra at 462-463 (1) (reversing denial of insurer's motion for summary judgment in declaratory judgment action; where the insured shot another person with a gun, the gun did not discharge accidentally, and the insured fired the gun intending to shoot and strike the other person, that person's death from the shooting was not the result of an accident and was not covered by the insured's liability policy). Cf. *Allstate Ins. Co. v. Justice*, 229 Ga. App. 137, 139 (1) (493 SE2d 532) (1997) (finding a jury question as to whether a shooting was an accident and thus a covered occurrence under a homeowner's liability policy, where there was evidence that the injury resulting from the shooting was caused by a stray bullet).

unable to testify as to his mental state or his intentions at the time of the shooting, any attempt to infer his intent is speculative and invades the purview of the jury." But the lack of testimony by Sheridan about his intent does not preclude a finding, as a matter of law, that Sheridan intended to shoot Neal.[7] Neal's own undisputed testimony was that Sheridan raised a gun, pointed it at him, approached him, and shot him multiple times. In light of this evidence, Neal has not pointed to any specific evidence that would authorize a jury to find that he was struck accidentally.[8] Moreover, we find no reasonable interpretation of the evidence that would support an inference that Sheridan did *not* intend to fire the gun at Neal and strike him.[9]

Nevertheless, Neal argues that Sheridan's intent was "inherently a factual question." He cites in support of this argument cases in which a factual question arose concerning whether an insured intended to commit suicide.[10] Those cases are inapposite because, unlike here, they involved the application of a presumption against a finding of suicidal intent.[11]

Neal also argues that whether the shooting was an accident under the policy depends upon whether it was unforeseen by him, not whether it was unforeseen by Sheridan. The cases Neal cites in support of this argument, however, addressed the definition of "accident" within the context of an automobile insurance policy, not a homeowner's liability policy.[12] As discussed above, cases concerning whether an event is an accident under a homeowner's liability policy have turned on whether the event was unforeseen by the insured

---

[7] See *Espanol v. Allstate Ins. Co.*, 268 Ga. App. 336, 337, 339-340 (601 SE2d 821) (2004) (affirming summary judgment for insurer in declaratory judgment action on ground that insured's shooting of claimant was intentional and subject to policy exclusion, notwithstanding insured's inability to testify about his intent because he had no recollection of shooting).

[8] See generally *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991) (on motion for summary judgment, once party who does not bear burden of proof at trial points to absence of evidence to support nonmoving party's case, nonmoving party must point to specific evidence giving rise to triable issue); *Perry*, supra at 11 (1) (in declaratory judgment action contesting liability insurance policy coverage, insured bears burden of showing occurrence was within risk insured against).

[9] Compare *State Farm Fire &c. Co. v. Carter*, 208 Ga. App. 873, 874 (432 SE2d 614) (1993) (insured's intent to inflict injury was ambiguous, and thus presented a jury question, where evidence could be interpreted to show that insured intended to swing his fist at another person but not to hit that person).

[10] See *Power v. Liberty Nat. Life Ins. Co.*, 221 Ga. 305 (144 SE2d 389) (1965); *Belch v. Gulf Life Ins. Co.*, 219 Ga. 823 (136 SE2d 351) (1964); *Taylor v. Aetna Life Ins. Co.*, 138 Ga. App. 832 (227 SE2d 394) (1976).

[11] See *Belch*, supra at 827-828 (1).

[12] See *Ga. Farm Bureau Mut. Ins. Co. v. Burnett*, 167 Ga. App. 480, 481-482 (1) (306 SE2d 734) (1983); *American Protection Ins. Co. v. Parker*, 150 Ga. App. 732, 733 (3) (a) (258 SE2d 540) (1979) (physical precedent).

(here, Sheridan).[13]

The undisputed evidence in this case demonstrated that, like the insured in *Grayes*, Sheridan intended to fire at and hit Neal with the gun. This evidence demonstrated that the shooting was not an accident and thus was not a covered occurrence under the policy.[14] Accordingly, Allstate was entitled to summary judgment in the declaratory judgment action, and the trial court erred in ruling otherwise.

2. Allstate contends that summary judgment was appropriate because a policy exclusion relating to intentional and criminal acts precluded coverage. In light of our conclusion in Division 1 that the shooting was not a covered occurrence under the policy, we need not consider the applicability of any policy exclusions.[15]

*Judgment reversed. Miller, C. J., and Johnson, J., concur.*

DECIDED JUNE 1, 2010.

*Carlock, Copeland & Stair, Hugh M. Ruppersburg*, for appellant.
*Flint, Connolly & Walker, David L. Walker, Jr., Konrad G. W. Ziegler, William E. Whitaker*, for appellees.

---

[13] See *Grayes*, supra.

[14] *Grayes*, supra; see also *Phillips*, supra.

[15] See *Scottsdale Ins. Co.*, supra (principle that court must determine if policy covers claim before addressing applicability of exclusions applies with equal or greater force to exceptions to exclusions); *Grayes*, supra at 421 (because shooting was not covered by policy in the first instance, neither a policy exclusion nor an exception to a policy exclusion has legal significance).